This is an appeal from a judgment of conviction for voluntary manslaughter. The defendant-appellant, Wilda Walton, contends that the trial court accepted her pleas without complying with the mandatory requirements of Crim. R. 11(C)(2). We agree and reverse the conviction.
The defendant was indicted for murder and pled not guilty. On October 9, 1974, she withdrew that plea and entered a plea of no contest to voluntary manslaughter under R. C. 2903.03. Defense counsel informed the court that the plea was being entered with the "distinct understanding * * * there is the possibility, not probability * * * of probation." The court then addressed the defendant and made inquiries to determine voluntariness and *Page 387 
informed the defendant of her rights under Crim. R. 11. The court did not advise her of her right to compulsory process, nor did he tell her the offense was not probationable. At defense counsel's suggestion, the court specifically made it clear that there were no promises or agreements for probation and the court was not bound by any agreement between the prosecutor and defense counsel. The court accepted the plea.
Then the prosecutor proceeded to recite the facts surrounding the manslaughter. These facts indicate the defendant had shot her husband for being unfaithful. A pre-sentence investigation was ordered. At a subsequent hearing, the plaintiff was given the minimum sentence of four to twenty-five years.
This case is before this court on a delayed appeal which we granted.
 Issue No. One
Is it mandatory that a court comply with Crim. R. 11(C)(2)(a) by informing the accused that she is not eligible for probation before accepting a no contest plea in a felony case?
The answer, of course, is a conditional "yes." If the judge has facts before him which, if true, would preclude probation, he must so inform the accused prior to accepting the plea. However, the duty does not exist where, as here, the facts which surround the homicide were not made known to the court until after he had accepted the plea. Voluntary manslaughter (R. C.2903.03) can be probationable. It is the use of the firearm which precludes probation under R. C. 2951.02(F)(3). See,State v. Hendree, unreported, Court of Appeals for Summit County, No. 7618, decided May 21, 1975.
 Issue No. Two
Is it mandatory that an accused be advised that she has compulsory process for obtaining witnesses in her behalf?
The record here reveals that the trial judge covered everything required under Crim. R. 11 except to inform the defendant of her right to compulsory process.
In State v. Scott (1974), 40 Ohio App.2d 139, the court *Page 388 
for the third appellate district quoted extensively fromMcCarthy v. United States (1969), 394 U.S. 459, at page 144, as follows:
"`We thus conclude that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea. Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.'"
Under McCarthy, supra, the requirement is that the rule must be "fully adhered to." The eighth appellate district followed the same reasoning in State v. Buchanan, (1974), 43 Ohio App.2d 93. That court adopted the admonition of Justice Corrigan inState v. Griffey (1973), 35 Ohio St.2d 101, that Crim. R. 11 be "scrupulously adhered to."
Reluctantly, we hold that an error committed by a court, in failing to inform a defendant of any of the procedual safe guards required by Crim. R. 11, is inherently prejudicial and renders a waiver void. See, State v. Ricks (1976), 48 Ohio App.2d 128; State v. Tobias, unreported, Court of Appeals for Summit County, Nos. 7538, 7539, 7540, decided January 29, 1975;State v. Pernell (1976), 47 Ohio App.2d 261.
Accordingly, we vacate the defendant's plea of no contest, reverse the judgment of conviction and sentence, and remand this case for further proceedings according to law.
Judgment reversed.
HUNSICKER and HARVEY, JJ., concur. *Page 389