THE STATE OF OHIO, APPELLEE, *v.* RICKS, APPELLANT.

[Cite as State v. Ricks (1977), 53 Ohio App. 2d 244.]

(No. 684—Decided July 13, 1977.)

*Mr. Roger R. Ingraham,* prosecuting attorney, for appellee.

*Mr. Fred P. Benco,* for appellant.

MAHONEY, P. J. This is an appeal from a denial of a petition to vacate sentence pursuant to R. C. 2953.21. We remand.

### Facts

The defendant, Harry Ricks, was indicted for theft, (R. C. 2913.02) on October 10, 1975. On October 20, he was arraigned, pled not guilty and released on a surety bond. On March 2, 1976, his counsel was permitted to withdraw from the case. On March 22, the trial court issued a warrant to the Marion Correctional Institution for the defendant's return for trial. He appeared before the

trial court on March 30. He waived his right to counsel in open court and in writing. He bargained with the prosecutor for a sentence concurrent with his sentence at Marion. The trial court scrupulously followed Crim. R. 11, accepted the guilty plea and imposed the concurrent sentence of one to five years to run with the sentence he was serving from Cuyahoga County.

On September 13, 1976, the defendant filed his petition to vacate the sentence on the grounds that his waiver of rights and plea were neither voluntary nor intelligent and the trial court erroneously failed to inform him that under R. C. 2929.41(B)(3) his sentence must be served consecutively to the sentence he had previously received in Cuyahoga County.

The trial court denied the petition after making the following findings of fact and law.

[Findings of Fact]

''8. At no time was the court advised by the defendant, or anyone else that defendant was a probationer, parolee or escapee. The fact of the matter is, that defendant informed the court, in open court, and upon the record, that he was serving sentence at Marion Correctional Institution pursuant to conviction and sentence for a felony imposed by our sister county of Cuyahoga.

"9. Accordingly, upon the above information, the court's sentence of defendant was made to run concurrently with his sentence from Cuyahoga County and not consecutively as would have been required pursuant to R. C. 2929.41(B)(3), had the court been advised by defendant of the truth of his status.

''10. * * *

''11. It is now, for the first time, that the defendant has revealed the truth in this matter in his petition to vacate judgment i. e., that he was a probation violator, which made him subject to mandatory consecutive sentencing pursuant to 2929.41(B)(3).

''12. The court has had the prosecutor of this county investigate this matter with the Marion Correctional Institution authorities. Such investigation reveals that the penal authorities have taken it upon themselves to

246

alter and interpret the judgment of this court and to view defendant's sentence from this court as being consecutive rather than concurrent as pronounced by this court in its judgment entry of March 31, 1976.

[Findings of Law]

"3. That the defendant has received the benefit of his deceit and untruthfulness with the court concerning the fact that he was a probation violator.

"4. That the penal authorities have no right, power, or authority, to alter, amend, revise, add to or subtract from, the judgment of this court. * * *"

The transcript of proceedings indicates that the prosecutor stated to the court:

"Mr. Ricks, for the record, is presently serving a time of incarceration in the Marion Correctional Institution for a *probation violation* of Cuyahoga County of not less than 3 nor more than 20 years. (Emphasis added.)"

The prosecutor's brief says the court did not hear that statement. The court file also contains correspondence indicating that the defendant not only was sentenced to Chillicothe in December of 1975, but also was to stand trial for robbery in January or February of 1976.

*Assignment of Error 1*

"The trial [court] erred in accepting defendant's guilty plea since he was without the benefit of legal counsel."

We find from the transcript of proceedings that the defendant's waiver of counsel and plea of guilty were freely, voluntarily and intelligently made with a full understanding of his rights. We might find otherwise if it were clear from the record whether the waiver of counsel was a part of the plea bargain.

*Assignment of Error 2*

"The court erred in not refusing to accept appellant's plea of guilty since it did not inform of the maximum penalty involved."

Crim. R. 11(C)(2)(a) requires the trial court to inquire and determine that the defendant understands the maximum penalty involved. Such an understanding should include information as to whether defendant is eligible

for consecutive or concurrent sentences. See, *State* v. *Hendree*, unreported, Ninth Appellate District, No. 7618, decided May 21, 1975, and *State* v. *Walton* (1977), 50 Ohio App. 2d 386.

The trial court's findings assume that the defendant was learned in the law, kept silent about his probation, and committed a fraud upon the court. Such an assumption should apply equally to the prosecutor who should have known that he could not bargain for a concurrent sentence with a defendant who qualifies as a probationer, parolee or escapee under R. C. 2929.41(B)(3). We choose to believe that neither the defendant nor the prosecutor was aware that this statute was applicable in this instance. The prosecutor routinely called the matter to the court's attention. This should have alerted the trial judge to that possibility. If the judge did not hear the prosecutor's statement, we still have a sentence that may have been improperly imposed without a full knowledge of the factual basis. We cannot ascertain from the record whether the defendant was a probationer or parolee within the meaning of R. C. 2929.41(B)(3).

*Summary*

Accordingly, we reverse the judgment and remand this cause for an evidentiary hearing to ascertain whether the defeadant's sentence "is imposed for a new felony committed by a probationer, parolee, or escapee." If the court finds the defendant was not a probationer when the new offense was committed, he shall affirm his denial of the petition to vacate. If the court finds the defendant was a probationer when the act was committed, he shall vacate the sentence, permit the withdrawal of the plea and proceed to trial as provided by law.

We do not reach the question of whether the Marion Correctional Institution or the Adult Parole Authority has the power to "correct" a sentence of a Court of Common Pleas.

*Judgment reversed and cause remanded.*

BELL and VICTOR, JJ., concur.