(No. 12254 — Decided March 26, 1986.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Richard S. Kasay,* for appellant.

GEORGE, J. Defendant-appellant, Elijah Smith, appeals his conviction for kidnapping (R.C. 2905.01[A][4]) asking this court to vacate his plea of guilty to that charge.

Smith was indicted on one count of rape and one of kidnapping. After negotiations with the state, a plea bargain was arranged. A hearing was held for the purpose of accepting Smith's plea of guilty to the kidnapping charge. At the initiation of this hearing defense counsel requested that presentence and psychological reports be made on Smith.

THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

The trial court made the required determinations of voluntariness of the plea and understanding on behalf of Smith. The court then proceeded to apprise Smith of the effect of his guilty plea and the rights he was waiving pursuant to Crim. R. 11(C)(2). However, the trial court did not inform Smith that he was ineligible for probation. Smith's guilty plea was accepted, the rape count was nolled, and the defense counsel's request for presentence and psychological reports was granted.

One month later Smith came before the trial court for sentencing. Both he and his attorney made statements on his behalf. The prosecutor made no statement, but instead relied on the presentence report. The court sentenced Smith to a term of six to fifteen years' incarceration. This court affirms.

### Assignment of Error

"The trial court erred to the prejudice of the defendant-appellant by accepting defendant-appellant's plea of guilty without determining that defendant-appellant understood he was not eligible for probation; such plea of guilty was thereby not voluntarily made, and violated Crim. R. 11(C)(2)."

### Supplemental *Pro Se* Assignment of Error

"The trial court erred to the substantial prejudice of the defendant-appellant by accepting his guilty plea."

Smith's first contention is that the trial court knew that he was a "repeat offender" (R.C. 2929.01[A]) and therefore ineligible for probation *before* it accepted his guilty plea. Therefore, the argument goes, the trial court had a mandatory duty to inform him of his probation ineligibility under Crim. R. 11(C)(2)(a) prior to accepting his plea. This argument must be rejected on two grounds.

First, the trial court did not have the benefit of a presentence report prior to accepting Smith's plea. There is nothing in the record that indicates the trial court's knowledge of Smith's criminal record prior to its receipt of the presentence report. The trial court has no duty to inform a defendant of his probation ineligibility where the facts then before it do not preclude probation. *State* v. *Walton* (1977), 50 Ohio App. 2d 386, 4 O.O. 3d 356, 363 N.E. 2d 782.

Second, a conviction and sentence for a prior offense is only prima facie evidence that a person is a "repeat offender." R.C. 2929.01(A). A prior conviction and sentence do not automatically disqualify such offender from probation under R.C. 2951.02(F)(2). Before determining that the defendant is a repeat offender, the trial court must determine his character, condition and behavior pattern. *State* v. *Wood* (1976), 48 Ohio App. 2d 339, 2 O.O. 3d 345, 357 N.E. 2d 1106. There are a myriad of different variables that may affect the trial court's conclusion concerning repeat-offender status. Hence, as is often the case, the trial court must have a presentence and even a psychological report before it can determine if the defendant is a repeat offender.

Absent from the record in the case at bar is any suggestion that the trial court made a predetermination as to Smith's status as a repeat offender. Hence, it was not under any obligation to inform him of his possible probation ineligibility.

Smith's second contention is that the trial court failed to inform him of several of his constitutional rights as required by Crim. R. 11(C). This court has reviewed the transcript of the hearing in question and does not find that the trial court made any omissions with regard to Crim. R. 11(C). Accordingly, the assignment of error is overruled and the judgment affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.