DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Scioto County Court of Common Pleas which sua sponte amended its sentencing entry pertaining to Defendant-Appellant Nelson Hankison. In so doing, the trial court converted three concurrent prison sentences into three consecutive prison sentences; this effectively extended appellant's aggregate prison term by four years.
 {¶ 2} Appellant argues that the trial court's amended sentencing entry is contrary to law because he was not afforded notice or a hearing. For this reason, and others articulated below, we find appellant's argument to be well taken and reverse the judgment of the trial court.
 The Proceedings Below {¶ 3} In March 2000, Connie Jewel, and some of her family members, returned home from her husband's funeral to observe a man exiting her house carrying a bag and a gun. Her family members began chasing the man, while a neighbor telephoned the police.
 {¶ 4} The man then stole the automobile of another neighbor and drove away. At this point, the police arrived and began pursuing the man with their lights and sirens on.
 {¶ 5} The pursuit continued, reaching speeds of ninety m.p.h., until the tire of the stolen automobile blew out. The man then stopped, exited the automobile, and jumped into a nearby river. However, the man quickly exited the water, apparently because it was extremely cold. At this time, the police apprehended and arrested the man who was identified as Defendant-Appellant Nelson Hankison.
 {¶ 6} In August 2000, Hankison pled guilty to three indicted offenses in the Scioto County Court of Common Pleas: burglary, a second-degree felony in violation of R.C. 2911.12(A)(2); grand theft of a motor vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(1) and (B)(5); and failure to comply with an order or signal of a police officer ("failure to comply"), a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(ii).
 {¶ 7} In September 2000, the trial court sentenced Hankison to three terms of imprisonment: five years for burglary; one year for grand theft; and three years for failure to comply. The court ordered these sentences to be served concurrently.
 {¶ 8} More than eight months later, in May 2001, the trial court sua sponte amended the sentencing order to require all three sentences to be served consecutively. Thus, Hankison's aggregate prison term was extended from five years to nine years. The trial court did this without providing notice or a hearing to Hankison; and, without providing any meaningful explanation, other than a rote recitation of the statutory factors required to be considered in issuing consecutive sentences.
 The Appeal {¶ 9} Appellant timely filed an appeal with this Court, assigning the following error for our review: "the trial judge violated defendant-appellant's Fifth and Fourteenth Amendment rights under the constitution of the United States of America when he subjected defendant-appellant to multiple sentences for a single set of crimes[.]"
 {¶ 10} R.C. 2953.08 governs the appeal of felony sentences, and dictates that an appellate court may not disturb a sentence imposed under felony-sentencing law unless it finds by clear and convincing evidence that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G)(1); State v. Garcia (1998), 126 Ohio App.3d 485,710 N.E.2d 783.
 {¶ 11} The state asserts that the trial court amended its sentencing entry because it realized that R.C. 2921.331(D) required the sentence for failure to comply to be served consecutively to any other prison term.
 {¶ 12} While this is an accurate statement of the law, it is merely speculation as to why the trial court amended its sentencing entry. See, generally, State v. Hooks, 92 Ohio St.3d 83, 84,2001-Ohio-150, 748 N.E.2d 528, 530 ("[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). As we stated earlier, the trial court failed to provide any meaningful explanation as to why it amended its sentencing entry. However, assuming that this was the reasoning of the trial court, this approach is replete with pitfalls.
 {¶ 13} First, this assumption fails to account for the trial court's reasoning for ordering that the remaining two sentences be served consecutively. R.C. 2921.331(D) does not require that all sentences be served consecutively. In this case, it would have only required Hankison's sentence for failure to comply to be served consecutively to "any other prison term * * * imposed upon the offender." R.C. 2921.331(D).
 {¶ 14} Second, only the sentence for failure to comply was a mandatory consecutive sentence. Thus, for the remaining sentences to be ordered to be served consecutively, the trial court was required to issue findings of fact. See R.C. 2929.19(B)(2)(c) ("The court * * * shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences * * *."); see, generally, State v.Jones, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252, 1261
("[W]hen a trial court imposes consecutive sentences, it must state on the record its reasons for doing so."). Here, the trial court made no such findings of fact.
 {¶ 15} Third, the trial court failed to provide Hankison notice or a hearing before effectively extending his sentence by four years. See R.C. 2929.19(A)(1) ("The court shall hold a sentencing hearing before imposing a sentence * * *."). A defendant has a constitutional right to be heard before a sentence is imposed. See, generally, Skipper v. SouthCarolina (1986), 476 U.S. 1, 106 S.Ct. 1669; State v. Pletka (Feb. 11, 1993), Miami App. No. 91-CA-70; Griffin and Katz, Ohio Felony Sentencing Law (2001 Ed.), 407-408, Section T 1.17.
 {¶ 16} Fourth, and finally, the trial court did not advise Hankison that, by pleading guilty to failure to comply, it was mandatory that his sentence be served consecutively to any other sentence.
 {¶ 17} In State v. Ricks (1978), 53 Ohio App.2d 244,372 N.E.2d 1369, the Ninth District Court of Appeals explained that Crim.R. 11 requires a trial court, "[b]efore accepting a plea of guilty," to "inquire and determine that the defendant understands the maximum penalty involved. As part of this process, the defendant must be informedwhether he is eligible for consecutive or concurrent sentences." (Emphasis added.) Id. at 244, 372 N.E.2d at 1369.
 {¶ 18} Thus, as the Twelfth District Court of Appeals explained inState v. Hogg (July 20, 1987), Warren App. No. CA87-02-018: "Ricks * * * stands for the proposition that where * * * a new sentence must be served consecutively to some other sentence, the pleading defendant must be informed of the statutory requirement that this new sentence must be served consecutively to his other sentence. Otherwise, the defendant has not been properly informed of the maximum sentence involved as required by [Crim.R. 11]." Id.
 {¶ 19} Accordingly, as Hankison was not adequately advised of the potential sentence he faced, it cannot be said that he entered his pleas knowingly and intelligently.
 {¶ 20} We note that Hankison failed to articulate this argument in his brief to this Court. We have raised this issue sua sponte because we find that failure to comply with the mandates of Crim.R. 11, in this case, is plain error. See, e.g., State v. Rider (Sept. 30, 1998), Ottawa App. No. OT-98-015; City of Cincinnati v. Baskin (Dec. 15, 1993), Hamilton App. No. C-930050.
 Conclusion {¶ 21} There is no question that the trial court's amended sentencing entry is contrary to law. In fact, the state concedes this point. Its brief to this Court only seeks our guidance as to whether the pleas or sentences should stand. We find that neither can stand and the case must be remanded.
 {¶ 22} As we have explained, the trial court's sentencing entry was erroneous on multiple fronts. And, for those reasons, it is clear that the sentence must be vacated.
 {¶ 23} Additionally, we must vacate Hankison's pleas. As we have explained, the trial court failed to advise Hankison of the mandatory consecutive sentence accompanying the failure-to-comply charge before he entered his pleas. Thus, it cannot be said that he entered his pleas knowingly and intelligently.
 {¶ 24} For the foregoing reasons, we sustain Hankison's assignment of error and reverse the judgment of the Scioto County Court of Common Pleas. The guilty pleas and imposed sentences are hereby vacated and this cause is remanded for proceedings consistent with this opinion.
Judgment reversed.
Harsha, J.: Concurs in Judgment and Opinion with Opinion.
Kline, J.: Concurs in Part and Dissents in Part with Opinion.