[Cite as *State v. Abernathy*, 2018-Ohio-4414.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107123**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**EZEKIEL Z. ABERNATHY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
VACATED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617529-B

**BEFORE:** Keough, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
By: David Martin King
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Kevin E. Bringman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In 2017, defendant-appellant, Ezekiel Z. Abernathy, was named in a six-count indictment charging him with two counts of failure to comply in violation of R.C. 2921.331(B), two counts of robbery, one count of kidnapping, and one count of grand theft. He subsequently entered into a plea agreement — pleading guilty to one count each of robbery and failure to comply. During the plea agreement, the trial court advised Abernathy of the penalties associated with robbery and failure to comply, but failed to advise him that if a prison term was imposed on the failure to comply offense, R.C. 2921.331(B) required that the prison term be served consecutive to any other prison sentence imposed.

**{¶2}** At sentencing, the trial court initially imposed a concurrent sentence — 36 months on the failure to comply offense and seven years on the robbery charge. The state subsequently advised the court that R.C. 2921.331 mandates that the failure to comply sentence be served consecutively to any other prison term. Accordingly, the trial court modified its sentence and ordered Abernathy to serve one year for the failure to comply offense and six years for robbery, with the sentences ordered to run consecutively, for a total prison term of seven years.

**{¶3}** Abernathy appeals his convictions, contending that he did not enter a knowing, intelligent, and voluntary guilty plea because the trial court failed to advise him of the maximum penalty he faced. The state concedes the error, and we agree.

**{¶4}** When consecutive sentences are mandatory, the consecutive sentences directly affect the length of the sentence, thus becoming a crucial component of what constitutes the "maximum penalty involved" under Crim.R. 11(C)(2)(a). *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 7, citing *State v. Ricks*, 53 Ohio App.2d 244, 246-247, 372 N.E.2d 1369 (9th Dist.1977). The failure to advise a defendant that a sentence must be served consecutively does not amount to substantial compliance with Crim.R. 11(C)(2). *See Norman.*

**{¶5}** In this case, the trial court never informed Abernathy during the plea hearing that any prison sentence imposed for a violation of R.C. 2921.331 must be served consecutively to any other sentence. Accordingly, the trial court failed to substantially comply with Crim.R. 11, thereby preventing Abernathy from entering a knowing, intelligent, and voluntary plea. *See State v. Anderson*, 8th Dist. Cuyahoga No. 94598, 2010-Ohio-5487. The assignment of error is sustained.

**{¶6}** Judgment vacated, and case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR