[Cite as *State v. Fekeih*, 2022-Ohio-4285.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 111106 and 111849 |
| v. | : | |
| OMAR FEKEIH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** December 1, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653385-A and CR-21-660607-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

McCarthy, Lebit, Crystal & Liffman Co., LPA, Robert T. Glickman, and Nicholas R. Oleski, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, Omar Fekeih ("Fekeih"), appeals his convictions, contending that he did not enter a knowing, intelligent, and voluntary guilty plea because the trial court failed to advise him of the maximum penalty he faced. For

the reasons set forth below, we vacate Fekeih's convictions and remand to the trial court for further proceedings.

## Procedural and Factual History

{¶ 2} Between October 2020 and May 2021, a grand jury indicted Fekeih in three separate cases, two of which are relevant to the instant appeal. In the first, Cuyahoga C.P. No. 20-CR-653385, the grand jury indicted Fekeih on three counts of failure to comply, in violation of R.C. 2921.331(B), alleging that Fekeih's conduct caused a substantial risk of serious physical harm to persons or property.

{¶ 3} In the second, Cuyahoga C.P. No. 21-CR-660607, the grand jury indicted Fekeih on four additional counts of failure to comply, in violation of R.C. 2921.331(B), alleging that Fekeih's conduct caused a substantial risk of serious physical harm to persons or property. The grand jury also indicted Fekeih on one count of drug possession in violation of R.C. 2925.11. The failure to comply offenses, the focus of this appeal, were all third-degree felonies.

{¶ 4} On October 19, 2021, pursuant to a packaged plea agreement with the state of Ohio ("state") governing the separate cases, Fekeih pleaded guilty to all seven counts of failure to comply, collectively contained in Case Nos. 20-CR-653385 and 21-CR-660607. Fekeih also entered a guilty plea to an amended charge of attempted drug possession, a first-degree misdemeanor.

{¶ 5} On November 19, 2021, in Case No. 20-CR-653385, the trial court sentenced Fekeih to concurrent prison terms of three years on each of the three charges for failure to comply. In Case No. 21-CR-660607, the trial court sentenced

Fekeih to concurrent prison terms of three years on each of the four charges of failure to comply. The trial court then ordered Fekeih to serve the three-year sentences in the two cases consecutive to each other, for a total of six years. In addition, the trial court imposed a lifetime driver's license ban.

{¶ 6} Fekeih now appeals and assigns the following errors for review:

## Assignment of Error No. 1

The trial court did not substantially comply with Criminal Rule 11 during the plea colloquy because it failed to inform defendant of the maximum possible penalty.

## Assignment of Error No. 2

The trial court abused its discretion by imposing a six-year prison term and a lifetime driver's license suspension.

## Law and Analysis

{¶ 7} In the first assignment of error, Fekeih argues that he did not knowingly, intelligently, or voluntarily enter his guilty pleas because the trial court failed to comply with Crim.R. 11(C)(2)(a).

{¶ 8} Preliminarily, "[d]ue process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea

unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 9} Crim.R. 11(C) outlines the trial court's duties to advise the defendant of his or her constitutional and nonconstitutional rights before accepting a plea of guilty or no contest. Crim.R. 11(C)(2)(c) identifies the constitutional rights a defendant gives up by entering a guilty or no contest plea. A trial court is required to strictly comply when advising a defendant of his or her constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶ 10} Crim.R. 11(C)(2)(a) and (b) identify the nonconstitutional rights a trial court must address with a defendant before accepting a plea of guilty or no contest. A trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b) when advising the defendant of those rights. "A plea is in substantial compliance * * * when it can be inferred from the 'totality of the circumstances' that the defendant understands the charges against him." *State v. Walker*, 8th Dist. Cuyahoga No. 65794, 1994 Ohio App. LEXIS 4450, 4-5 (1994), citing *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus.

{¶ 11} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he or she can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). Thus, before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is

voluntary and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 12} Recently, the Ohio Supreme Court summarized appellate review of compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶ 13} In this matter, Fekeih claims the trial court failed to advise him of the maximum penalty he faced as required by Crim.R. 11(C)(2)(a) when he entered his guilty pleas. Specifically, Fekeih argues the trial court failed to advise him that it was required to impose consecutive sentences.

{¶ 14} A review of the record reveals that the following discussion occurred during the plea colloquy:

> The Court: The charges of failure to comply in case number 653385 and 660607 total 7, there's 7 charges, each of which is a felony of the third degree.
>
> Defendant: Yes, your Honor.
>
> The Court: Each of which is punishable by a possible term of incarceration of 9, 12, 18, 24, 30, or 36 months in prison. Do you understand?
>
> Defendant: Yes, your Honor.

The Court:  As well as possible fines up to $10,000 on each charge.

Defendant:  Yes, your Honor.

The Court:  The charge of failure to comply as amended in 657529 as well as the charge of attempted drug possession in 660607, Count 5, those two are misdemeanors of the first degree, which means that you may be given a local jail sentence of up to 180 days on each of those two charges as well as possible fines of up to $1,000 on those charges.  Do you understand those charges?

Defendant:  Yes —

The Court:  — and penalties?

Defendant:  — your Honor.

The Court:  Okay.  Do you understand, sir, that I can run these concurrently, meaning all to be served at the same time, or consecutively, meaning one to follow the other?

Defendant:  Yes, your Honor.

The Court:  Okay. Or any combination thereof?  I could run two felony three's together and give you six years or I can run them all together and give you three years or 18 months or 24 months.  Do you understand — the difference?

Defendant:  Yes, your Honor.

{¶ 15}  The above colloquy reveals advisement that indicated it was within the province of the trial court to decide whether to impose a consecutive sentence for the charged violations.   As we will elaborate below, this was not the case.

{¶ 16}  As stated previously, Fekeih pleaded guilty to a total of seven counts of failure to comply in violation of R.C. 2921.331(B), all felonies of the third degree. R.C. 2921.331(B) provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."  Relevant here, under

R.C. 2921.331(D), an offender who is sentenced to a prison term for violation of the above section, "shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

{¶ 17} Although the trial court indicated that it "can run these concurrently, meaning all to be served at the same time, or consecutively, meaning one to follow the other[,]" Fekeih's failure to comply charges "'cannot be served concurrently [with] any other sentence.'" *State v. Smith*, 8th Dist. Cuyahoga No. 108379, 2020-Ohio-914, ¶ 8, quoting *State v. Parker*, 8th Dist. Cuyahoga No. 105361, 2018-Ohio-579, ¶29; *State v. Whittsette*, 8th Dist. Cuyahoga No. 85478, 2005-Ohio-4824, ¶ 10 (stating that "a trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B)").

{¶ 18} In *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, this court found that a trial court failed to comply with an explanation of the maximum penalty under Crim.R. 11(C)(2) where it failed to inform a defendant that any prison sentence imposed for a charge of failure to comply, pursuant to R.C. 2921.331(D), was required to be served consecutive to any other sentence. There, this court held that "compliance with the 'maximum' penalty provision of Crim.R. 11(C)(2) requires the court to inform the defendant, prior to taking a guilty plea, that a charge carries a mandatory consecutive sentence." *Id.* at ¶ 12. The trial court failed to advise the defendant at all of the consecutive nature of this sentence. *Id.* at ¶ 13.

{¶ 19} After a thorough review of the plea proceedings, we cannot conclude that the trial court substantially complied with Crim.R. 11(C)(2) in informing Fekeih

of the consequences of his guilty pleas. Here, a mandatory, consecutive prison term was a guaranteed consequence of Fekeih's guilty plea. The trial court's advisement did not convey that R.C. 2921.331(D) mandated consecutive sentences.

{¶ 20} "'When consecutive sentences are mandatory, the consecutive sentences directly affect the length of the sentence, thus becoming a crucial component of what constitutes the "maximum penalty involved" under Crim.R. 11(C)(2)(a).'" *State v. Abernathy*, 8th Dist. Cuyahoga No. 107123, 2018-Ohio-4414, ¶ 4, quoting *Norman* at ¶ 7, citing *State v. Ricks*, 53 Ohio App.2d 244, 372 N.E.2d 1369 (9th Dist.1977). The failure to advise a defendant that a sentence must be served consecutively does not amount to substantial compliance with Crim.R. 11(C)(2). *Id.*

{¶ 21} We note that the state conceded in its brief to this court and at oral argument in this matter that the trial court did not inform Fekeih that any prison sentence imposed for a violation of R.C. 2921.331 must run consecutive to any other prison term imposed. Despite conceding, the state offers that Fekeih received a windfall due to the trial court's noncompliance with Crim.R. 11(C)(2). In support, the state argues Fekeih was facing a maximum possible sentence of 21 years but was only sentenced to two consecutive three-year sentences totaling six years. Thus, the state urges that the error was harmless.

{¶ 22} We decline to engage in a harmless error analysis in this matter. To do so would erode the sacred protections inherent in Crim. R. 11. Furthermore, such an exercise would contravene the very requirement of the statute at issue. The trial

court's advisement did not convey to Fekieh that R.C. 2921.331(D) mandated consecutive sentences.

{¶ 23} Accordingly, we sustain the first assignment of error.

{¶ 24} Our resolution of the first assignment of error renders the second assignment of error moot.

{¶ 25} Judgment reversed, convictions vacated, and case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., CONCURS;
SEAN C. GALLAGHER, A.J., DISSENTS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, A.J., DISSENTING:

{¶ 26} I respectfully dissent based on the conclusion reached in *State v. Coleman*, 8th Dist. Cuyahoga No. 111332, 2022-Ohio-4013, ¶ 14-15.