THE STATE OF OHIO, APPELLEE, *v.* WADDELL, APPELLANT.

(No. CA84-11-029 — Decided June 28, 1985.)

*Wilfrid G. Dues,* prosecuting attorney, for appellee.

*Donald L. Lane,* for appellant.

HENDRICKSON, J. Defendant-appellant, Barry Dean Waddell, was charged with one count of aggravated robbery per R.C. 2911.01(A)(1), one count of aggravated burglary per R.C. 2911.11(A)(3), one count of grand theft per R.C. 2913.02(A)(1), and one count of having weapons while under disability per R.C. 2923.13(A)(2). At the time he allegedly committed the above offenses, appellant was on active probation from an aggravated menacing offense committed during 1982.

Pursuant to a plea bargaining ar-rangement, appellant agreed to plead guilty to the aggravated burglary charge in exchange for a recommendation that the other three charges be dismissed. Before accepting appellant's guilty plea, the court below informed appellant of his rights as required by Crim. R. 11(C), but neglected to advise him that, pursuant to R.C. 2929.41(B)(3), the sentence imposed for the aggravated burglary would have to be served consecutively with the sentence from which he was on probation. Appellant subsequently pleaded guilty to the aggravated burglary charge, and the court thereafter dismissed the other charges and sentenced appellant to not less than ten nor more than twenty-five years of incarceration.

After learning of the effect that R.C. 2929.41(B)(3) would have upon his sentence, appellant timely filed a notice of appeal to this court raising the following single assignment of error:

"The trial court erred to the prejudice of the defendant by failing to fully disclose the maximum penalty he could receive before acceptance of his guilty plea."

Crim. R. 11(C)(2)(a) states that a court shall not accept a guilty plea in a felony case:

"* * * without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, *with understanding of the nature of the charge and of the maximum penalty involved,* and, if applicable, that he is not eligible for probation." (Emphasis added.)

As appellant was on probation at the time he pleaded guilty to aggravated burglary, his sentence was required to be served consecutively with his prior sentence per R.C. 2929.41(B)(3), which states that "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment * * * [w]hen it is imposed for a new felony committed by a probationer,

parolee, or escapee." The question now before us is whether the trial court committed prejudicial error in failing to advise appellant that any sentence imposed as a result of his plea would have to be served consecutively to his prior sentence per R.C. 2929.41(B). We conclude that since the trial court substantially complied with the provisions of Crim. R. 11, and since the record reveals no prejudice to appellant due to the trial court's omission, the error is harmless and appellant's assignment of error must therefore be overruled.

As a preliminary matter, we note that the provisions of Crim. R. 11(C)(2) were arguably complied with in the case *sub judice* even though the court failed to mention the impact of R.C. 2929.41(B) to appellant prior to accepting his plea. The record, after all, reveals that appellant was informed of the maximum sentence which the court might impose for aggravated burglary, the offense to which he subsequently pleaded guilty. The fact that the sentence would have to be served consecutively with the sentence imposed for appellant's prior aggravated menacing offense was not a part of the maximum penalty for aggravated burglary.

However, even if the court below should have informed appellant that his aggravated burglary sentence had to be served consecutively to his prior sentence, the record indicates that the information provided appellant pursuant to the provisions of Crim. R. 11 was in substantial compliance with the rule, which is sufficient under the current law of Ohio. See *State v. Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52]. In *Stewart, supra,* the trial judge failed to advise the defendant that he would not be eligible for probation prior to accepting his plea of guilty to a charge of murder, but the Ohio Supreme Court, per Celebrezze, J., affirmed the conviction on the basis that the terms of Crim. R. 11 were substantially complied with.

Justice Celebrezze, citing *Kelleher* v. *Henderson* (C.A. 2, 1976), 531 F.2d 78, observed that knowledge of maximum and minimum sentences is not constitutionally required prior to the acceptance of a guilty plea; the test is whether the plea would have otherwise been made. He therefore concluded that "* * * the absence of a ritualistic incantation of an admonishment which is not constitutionally guaranteed does not establish grounds for vacating the plea." *Stewart, supra,* at 93. The court's failure to inform appellant about consecutive sentences in the case now before us is certainly no more egregious an oversight than the court's failure to advise the defendant in *Stewart, supra,* that he would not be eligible for probation.

Further, an examination of the record reveals little possibility of prejudice to appellant as a result of the trial court's alleged oversight. Appellant pleaded guilty to one charge of aggravated burglary and in exchange had charges of aggravated robbery, grand theft and having weapons while under disability dropped. The above exchange in our estimation constitutes an undeniably advantageous bargain which would have been made regardless of whether appellant had been informed of the consecutive sentence provision of R.C. 2929.41(B)(3). See *Stewart, supra,* and *Kelleher, supra.* Therefore, it appears that appellant's guilty plea was properly accepted, and his assignment of error is, accordingly, not well-taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, J., concurs separately.

KOEHLER, P.J., dissents.

JONES, J., concurring. I concur in affirming the judgment of the trial court, but not on the authority of *State*

v. *Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52]. The court held in *Stewart, supra,* that a trial judge need not advise a defendant pleading guilty that he is not eligible for probation, even if such is true. It is difficult to see the logic of *Stewart, supra,* when Crim. R. 11(C)(2)(a) specifically requires the sentencing judge to advise the defendant, "if applicable, that he is not eligible for probation." If *Stewart, supra,* represents good law it is clear the Supreme Court can revoke Crim. R. 11 on a case-by-case basis when it serves the purpose of the court. The Supreme Court surely never intended such a means of amending or abolishing a rule when the Criminal Rules were adopted.

In concurring in the case at bar, we are not required to ignore any language in Crim. R. 11, as in *Stewart, supra.* To the contrary, we are simply not reading into the rule words which are not there. Crim. R. 11(C)(2)(a) requires the trial court to advise the defendant of the maximum penalty involved. The word "involved" refers to the particular crime for which the sentence is being imposed, in this case aggravated burglary. Crim. R. 11(C)(2)(a) does not say the "maximum penalty involved if you are already on probation or parole." The fact that the new term must be served consecutively to the old term is required by an entirely different statute, R.C. 2929.41(B)(3), and is beyond the control of the trial judge. The trial judge advised the defendant of the maximum sentence, within his power to order, for the particular crime he committed. When the state required such sentence to be served consecutively to a sentence for a prior and different crime, such is not the doing of the trial court and accordingly error should not be attributed to the trial judge.

*State* v. *Ricks* (1977), 53 Ohio App. 2d 244 [7 O.O.3d 299], cited by my brother in dissent, is not applicable, and while the syllabus by the court is in conflict with our decision, the distinguishing facts render the apparent conflict illusory. In *Ricks, supra,* the defendant pleaded guilty as the result of a plea bargain with the prosecutor for a sentence concurrent with a sentence defendant was serving, for violating the terms of probation granted by another court. The trial court obviously had no power to ignore R.C. 2929.41(B)(3) by imposing a concurrent sentence, and defendant was prejudiced when induced to plead guilty in the belief his new sentence would be concurrent.

KOEHLER, P.J., dissenting. The lead author finds that the provisions of Crim. R. 11(C)(2) were arguably complied with in that appellant was informed of the maximum sentence which might be imposed for aggravated burglary. On such premise, it would appear that this court accepts "a ritualistic incantation of an admonishment which is not constitutionally guaranteed" as substantial compliance with the rule.

In my view, we must consider Crim. R. 11(C)(2) in light of the purpose for which it was adopted, that is, to establish procedural safeguards to assure and facilitate an accurate determination of the voluntariness of a defendant's plea of guilty in a felony case. *State* v. *Scott* (1974), 40 Ohio App. 2d 139 [69 O.O.2d 152].

The separate concurring opinion herein accepts this court's judgment, but rejects the authority upon which it is founded. I find *State* v. *Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52], readily distinguishable from this cause. Additionally it not only judicially revokes the written rule as stated in the concurring opinion but abrogates the purpose of the rule, which is to enable the court to determine fully the defendant's understanding of the consequences of his guilty plea.

The majority has found that rule only requires that the defendant be advised

as to the maximum sentence which could be imposed on the charge to which he is to plead. I conclude that in this cause the imposition of a sentence consecutively to the prior sentence is mandated by the legislature and must be considered as part of the maximum sentence resulting from a guilty plea to the initial charge. Without such knowledge, a pleading defendant could hardly grasp the consequences of his plea as required by the rule.

This precise issue was considered in *State* v. *Ricks* (1977), 53 Ohio App. 2d 244 [7 O.O.3d 299]. The syllabus by the court is as follows:

"1. Before accepting a plea of guilty, the trial court must inquire and determine that the defendant understands the maximum penalty involved. As part of this process the defendant must be informed whether he is eligible for consecutive or concurrent sentences. Crim. R. 11(C)(2)(a).

"2. Where the defendant is a probationer, parolee, or escapee when he commits a felony, R.C. 2929.41(B)(3) mandates that a new sentence must be served consecutively to the sentence previously imposed. The new sentence is not properly imposed on a plea of guilty when the defendant does not understand that it must be served consecutively to his former sentence."

When my brothers readily distinguish *Ricks, supra,* the concurring opinion recognizes the prejudice to the defendant if his plea is entered with a mistaken belief as to the consequences of such plea. Unless the purpose for the adoption of Crim. R. 11(C) is to be abandoned, then this cause should be certified as being in direct conflict with *Ricks, supra.*

Accordingly, I dissent from the majority's judgment and failure to certify this cause.