DECISION AND JUDGMENT ENTRY
{¶ 1} Timothy R. Windle appeals the trial court's acceptance of his "no contest" plea to gross sexual imposition. He contends that his plea was not knowing, intelligent, and voluntary because the written plea form erroneously informed him that he could be subject to up to three years of post-release community control when he was actually subject to a mandatory five year term of post-release community control. Because the period of postrelease community control is part of an offender's sentence and Crim.R. 11(C)(2) requires that an offender understand the maximum sentence before pleading guilty or "no contest" to a charge, we conclude that the trial court did not substantially comply with Crim.R. 11 and that this non-compliance prejudicially affected Windle. Windle's plea was not knowing, intelligent, and voluntary. We reverse and remand this matter to the trial court.
 {¶ 2} In November 2001, the Hocking County grand jury indicted Windle on one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). Windle entered into an agreement with the State and pled "no contest" to the charge. In exchange for his plea, the State agreed not to object to Windle receiving judicial release after ninety days and agreed not to request a higher sexual predator designation than that of sexually oriented offender. Following the plea, the trial court sentenced Windle to fourteen months in prison and ordered that the sentence be served consecutively to a ten-month prison sentence Windle had already received for violating the terms of his community control.[2]
 {¶ 3} Windle filed a delayed appeal challenging (1) the revocation of his community control and the imposition of the ten-month prison sentence, and (2) his conviction and sentence for gross sexual imposition. Windle's appointed counsel advised this Court that she had reviewed the record and found no meritorious claims for the appeal, and moved to withdraw underAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. After independently reviewing the record, we rejected many of Windle's arguments but concluded that the record contained at least one potentially meritorious claim upon which Windle might prevail on appeal. We permitted his counsel to withdraw and appointed new counsel to represent him.
 {¶ 4} Windle's newly appointed counsel filed a brief on Windle's behalf assigning the following error: "The trial court deprived Mr. Windle of his rights under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution and Sections 10 and 16 of Article One of the Ohio Constitution when it accepted his no contest plea without first having advised Mr. Windle that he would be subject to a mandatory five-year term of post-release control under Section 2967.28 of the Ohio Revised Code. Thus, Mr. Windle's plea was not a knowing, intelligent, and voluntary waiver of his vital constitutional rights."
 {¶ 5} In his sole assignment of error, Windle contends that the court erred in accepting his plea of no contest because the court failed to fully inform him of the consequences of the plea; specifically, that the court failed to inform Windle that he was subject to a mandatory five-year term of post-release control under R.C. 2967.28(B). Therefore, Windle contends that his plea was not knowing, intelligent, and voluntary.
 {¶ 6} Generally, a guilty or no contest plea operates as a waiver of all non-jurisdictional defects in the proceedings. See Crim.R. 11(B)(1); see, e.g., United States v. Broce (1989),488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 92; Menna v. New York
(1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. However, a guilty or no contest plea does not preclude a defendant from challenging the trial court's determination that he or she knowingly, intelligently, and voluntarily entered the plea.State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179,660 N.E.2d 450, 451.
 {¶ 7} Crim.R. 11(C) was adopted to ensure that pleas of guilty or no contest are valid. "Adherence to the provisions of Crim.R. 11(C)(2) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest." State v. Caudill (1976),48 Ohio St.2d 342, 358 N.E.2d 601, paragraph two of the syllabus. Although knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea, Crim.R. 11(C)(2)(a) requires that the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved." State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684 (abrogated on other grounds byState v. White, 103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393) citing State v. Johnson (1988), 40 Ohio St.3d 130, 133,532 N.E.2d 1295. Further, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin,141 Ohio App.3d 381, 386-387, 751 N.E.2d 505, 2001-Ohio-4140, citingState v. Wilson (1978), 55 Ohio App.2d 64, 379 N.E.2d 273;State v. Gibson (1986), 34 Ohio App.3d 146, 517 N.E.2d 990.
 {¶ 8} Although strict compliance with Crim.R. 11(C) is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial court substantially complies with that rule. State v. Boshko (2000),139 Ohio App.3d 827, 745 N.E.2d 1111. "Substantial compliance" means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163; State v. Carter (1979), 60 Ohio St.2d 34,38, 396 N.E.2d 757, certiorari denied (1980), 445 U.S. 953,100 S.Ct. 1605, 63 L.Ed.2d 789. If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of any error by the trial court, there is still substantial compliance. State v. Nero (1990),56 Ohio St.3d 106, 108-109, 564 N.E.2d 474.
 {¶ 9} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must also show a prejudicial effect. Stewart, supra, at 93,364 N.E.2d 1163; Crim.R. 52(A). "The test is whether the plea would have otherwise been made." Nero at 108, citing Stewart,
supra.
 {¶ 10} Prior to entering his plea, Windle signed a plea form acknowledging that he was waiving certain constitutional rights and that he was entering a "no contest" plea to a fourth degree felony punishable by a term of imprisonment for a definite term of six to eighteen months and a maximum fine of $5,000. The form also stated: "In addition, a period of control or supervision by the Adult Parole Authority after release from prison is mandatory/optional in this case. The control may be a maximum term of THREE years." During the plea hearing, the trial court informed Windle that he was subject to a prison term of up to a year and a half, a fine of up to $5,000, or both. The court made no reference to community control. In actuality, R.C.2967.28(B)(1) mandates a five year period of community control for those convicted of a felony sex offense.
 {¶ 11} Windle contends that the court erred in accepting his "no contest" plea without correctly informing him that he was required to serve a five year term of community control following his release from prison. Post-release community control is part of an offender's sentence. R.C. 2929.14(F); State v. Prom,
Butler App. No. CA2002-01-007, 2003-Ohio-6543, at ¶ 26, appeal denied, 98 Ohio St.3d 1411, 2003-Ohio-60, 781 N.E.2d 1019. See, also, State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at paragraph one of the syllabus (holding that a trial court is required to notify the offender at the sentencing hearing about post-release control) and Wood v. Telb,89 Ohio St.3d 504, 513, 2000-Ohio-171, 733 N.E.2d 1103 (characterizing post-release control as "part of an offender's sentence").
 {¶ 12} Here, the written plea agreement incorrectly informed Windle that he could be subject to up to three years of postrelease community control when, in reality, he was required
to serve five years of post-release community control. By failing to correct this erroneous information at the plea hearing, the court inadvertently understated the sentence Windle would receive by pleading "no contest." Because Windle was not informed of the maximum penalty he could receive if he entered a "no contest" plea, his plea was not knowingly, intelligently, and voluntarily entered. See State v. Lamb, 156 Ohio App.3d 128,2004-Ohio-474, 804 N.E.2d 1027 (holding that appellant could not have fully understood the implications of his plea when his written guilty plea misinformed him that he "may have up to three years of postrelease control" and the court failed to inform him he was subject to a mandatory five-year post-release control period); State v. Mercadante, Cuyahoga App. No. 81246, 2004-Ohio-3593 (concluding that the trial court's failure to inform appellant "at her plea hearing regarding the possibility of post-release control rendered her plea involuntary as she was not apprised of the necessary information regarding her maximum sentence in determining whether to plead").
 {¶ 13} We disagree with the State's contention that Windle's plea was voluntary despite the misinformation he was provided. The State cites several cases in support of its position but each of these cases is distinguishable. In State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163, the Ohio Supreme Court held that the appellant's plea was voluntary even though the court did not inform him that he was ineligible for probation. However, unlike post-release control, probation eligibility is not part of an offender's sentence.
 {¶ 14} In State v. Waddell (1985), 26 Ohio App.3d 33,498 N.E.2d 195, the Twelfth District Court of Appeals held that a plea was voluntary even though the trial court failed to inform the defendant that the sentence it imposed for aggravated burglary would have to be served consecutively to his earlier sentence for aggravated menacing. The Court of Appeals determined that the trial court properly notified the appellant of the maximum sentence for aggravated burglary, the offense to which he pled guilty, and concluded that the sentence imposed for the appellant's prior conviction was not part of the maximum penalty for the aggravated burglary charge. Id. at 34. Therefore, the trial court was not required to inform the appellant of the consecutive nature of the sentences. Id. Similarly, in State v.Johnson (1989), 40 Ohio St.3d 130, 532 N.E.2d 1295, the Ohio Supreme Court held that the trial court's failure to inform the defendant who pled guilty to multiple offenses that it could order him to serve the sentences consecutively, rather than concurrently, did not render the plea involuntary. The Court recognized that Crim.R. 11(C) requires the trial court to explain "the nature of the charge and of the maximum penalty involved." Id. at 133. Because the rule speaks in the singular, the term "the maximum penalty" which is required to be explained refers only to a single penalty, not to the cumulative "total of all sentences received for all charges in which a criminal defendant may answer in a single proceeding." Id. Windle is not objecting to the consecutive nature of his sentence; therefore, these cases are not applicable.
 {¶ 15} The State also contends that, since Windle has not argued that he would have rejected the plea offer if he knew that he was required to serve a mandatory five year term of postrelease community control, the plea must stand. In his reply brief, Windle states that he implicitly argued in his original brief that he would not have pled "no contest" had he known about the mandatory post-release community control period and that he would not now be seeking to overturn his plea if he would have pled "no contest" even knowing the mandatory nature of the postrelease community control sanction.
 {¶ 16} Windle pled no contest to the original charge in this case. In exchange for his plea, the State promised not to oppose his request for early release or to request a higher sexual predator designation than that of sexually oriented offender. At the time of his plea, the court had revoked Windle's earlier community control sanction for cultivation of marijuana and sentenced him to ten months imprisonment in that case. Obviously, a violation of community control sanctions can lead to severe consequences. Presumably, an additional and lengthy community control sanction would have affected his decision to enter a "no contest" plea. Based on these facts, we conclude that there is a reasonable probability that Windle would not have pled "no contest" if he knew he was subject to a mandatory five year period of post-release control.[3] See State v. Caplinger
(1995), 105 Ohio App.3d 567, 572-573, 664 N.E.2d 959.
 {¶ 17} We sustain Windle's sole assignment of error and reverse the judgment of the trial court. We remand this matter to the court for further proceedings.
Judgment Reversed and Cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[2] In February 2000, Windle pled guilty to one count of cultivation of marijuana in violation of R.C. 2925.01(A). The court placed Windle on community control for a period of five years.
[3] Although it did not factor into our decision, we note that Windle sent a letter to the trial court expressing his dismay upon learning that he would be required to serve a term of post-conviction community control and professing his innocence. Because that letter does not bear any indication that it became part of the official record, i.e., it lacks a time stamp, we have not considered it.