MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Taking an unusually candid approach that we find both refreshing and commendable, the State and the Defendant have filed a Joint Assignment of Error. It asserts Mr. Webster's guilty plea was not knowing and voluntary because the trial court did not advise him of post-release control or the consequences of violating the terms of post-release control. We agree.
 {¶ 2} Webster pled guilty to a third degree felony. However, before accepting the plea, the court did not advise him that the parole board could impose a term of post-release control for up to three years. Post-release control is part of an offender's sentence, and Crim.R.11(C)(2)(a) requires the court to explain to a defendant the nature of the charge and the maximum penalty involved. Failure to advise the defendant before accepting the plea that he may be subject to post-release control renders the plea involuntary. See State v. Windle, Hocking App. No. 03CA16,2004-Ohio-6827.
 {¶ 3} Likewise, R.C. 2943.032 imposes additional requirements on a court prior to accepting a plea. The court must also inform the defendant that if the court accepts the plea and imposes a prison term for a felony, the parole board can impose additional residential sanctions for a violation of post-release control. See R.C. 2943.032(E). There is nothing in the record to indicate Webster received this notification either.
 {¶ 4} Accordingly, we sustain the parties' joint assignment of error, reverse the trial court's judgment, vacate Webster's guilty plea and remand this cause for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE BE REMANDED for further proceedings consistent with this opinion. The Appellant shall recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.