DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Todd M. Hardesty, appeals from the sentence entered by the Pickaway County Common Pleas Court after entering a plea of guilty to Sexual Battery, a felony of the third degree, in violation of R.C. 2907.03. The trial court sentenced Appellant to the maximum term of imprisonment for the offense, which is five years. Appellant asserts that the trial court erred in several respects with regard to the imposition of these sentences. Specifically, Appellant asserts that: 1) the trial court erred by imposing a void sentence, 2) the trial court erred in imposing a non-minimum sentence, 3) the trial court erred in imposing the maximum sentence, and 4) the trial court erred by sentencing him to a non-minimum prison sentence based on fact not found by the jury or admitted by him.
 {¶ 2} The parties agree on the following facts. Todd Hardesty pleaded guilty to one count of sexual battery, a third-degree felony under R.C.2907.03. Following a pre-sentence investigation, the trial court imposed a maximum five-year sentence during a hearing held on November 10, 2004. At this sentencing hearing,[1] the trial court stated that Mr. Hardesty had committed the worst form of the offense, but gave no reasons to support that finding.[2] On December 1, 2004, the trial court held another hearing, at which it recited various portions of the felony sentencing statutes and information from the pre-sentence investigation report. The trial court stated that it had "sentenced the defendant, Mr. Hardesty, to the maximum of five years" at the November 10th sentencing hearing, and further stated that it had "called the case today for purposes of going through the sentencing criteria to let the record reflect why the court, in fact, imposed the maximum sentence on Mr. Hardesty." (Emphasis added). Following this latter hearing, the trial court filed its journal entry of sentence and ordered that the Appellant be conveyed into the custody of the Ohio Department of Corrections.
 {¶ 3} It is from this entry of sentence of that Appellant brings his appeal, assigning the following errors for our review:
 {¶ 4} "I. THE TRIAL COURT ERRED BY IMPOSING A VOID SENTENCE.
 {¶ 5} II. THE TRIAL COURT ERRED IN IMPOSING A NON MINIMUM SENTENCE.
 {¶ 6} III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE.
 {¶ 7} IV. THE TRIAL COURT ERRED BY SENTENCING MR. HARDESTY TO A NON-MINIMUM, MAXIMUM PRISON SENTENCE BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. HARDESTY."
 {¶ 8} Initially, we note that all of Appellant's assigned errors relate to alleged sentencing errors by the trial court. Sentencing courts are required, when imposing sentence, to make certain findings, and, in some cases, state their reasons for making those findings, both at the sentencing hearing and in the sentencing entry. R.C. 2929.14(B) and (E) and 2929.19(B)(2)(c). See, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473 at paragraph one of the syllabus. Sentencing courts must also advise defendants of any post-release control that may be imposed on them in connection with their primary sentences. R.C. 2929.14(F) and 2929.19(B)(3)(c). Failure to do so may result in the sentence imposed being contrary to law, leading to a statutory right of appeal under R.C. 2953.08(A)(4), which provides that a defendant convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law.
 {¶ 9} An appellate court may not reverse a sentence unless its finds, by clear and convincing evidence, that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); See, also,State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, 1998 WL 820035. In applying this standard of review, we do not substitute our judgment for that of the trial court, nor do we defer to its discretion.State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we look to the record to determine whether the sentencing court: 1) considered the statutory factors, 2) made the required findings, 3) relied on substantial evidence in the record supporting those findings, and 4) properly applied the statutory guidelines. State v. Dunwoody
(Aug. 5, 1998), Meigs App. No. 97CA11, 1998 WL 513606; citing Griffin 
Katz, Ohio Felony Sentencing Law (1998), Section 9.16.
 {¶ 10} In his first assignment of error, Appellant contends that the trial court erred by imposing a void sentence. Specifically, Appellant argues that the trial court omitted post-release control from the judgment entry and from the sentence imposed in open court, thereby rendering the sentence void. We agree with Appellant.
 {¶ 11} The sentencing transcript makes no mention of post-release control, nor does the judgment entry. Appellee, however, argues that the trial court fully advised Appellant of post-release control requirements at the change of plea hearing held on August 30, 2004. We are not persuaded by Appellee's argument that this notification satisfied the requirements of R.C. 2929.19(B), which requires this notification during the sentencing hearing. See, also, State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, 817 N.E.2d 864.
 {¶ 12} Assuming, arguendo, that the notification during the plea hearing only was sufficient, the information that the trial court provided in this case was inaccurate. R.C. 2967.28(B)(1) requires that an offender convicted of a felony sex offense be subject to five years of post-release control, with no reduction. Here, the trial court informed Appellant that he would "be subject to post release control for up to fiveyears." (Emphasis added). In other cases involving notification of post-release control requirements during plea hearings, we have held such a notification to be insufficient. See, State v. Windle, Hocking App. No. 03CA16, 2004-Ohio-6827 and State v. Hill, Lawrence App. No. 04CA9/04CA11, 2005-Ohio-3491.
 {¶ 13} Accordingly, we find that Appellant's first assignment of error has merit and therefore reverse the sentence of the trial court and remand for re-sentencing.
 {¶ 14} As Appellant's second and third assignments of error are interrelated, we will address them in conjunction with one another. In his second assignment of error, Appellant contends that the trial court erred in imposing a non-minimum sentence. In this third assignment of error, Appellant contends that the trial court erred in imposing the maximum sentence.
 {¶ 15} The facts reveal that Appellant pled guilty to Sexual Battery, a felony of the third degree, in violation of R.C. 2907.03. Appellant could have been sentenced to one, two, three, four or five years for this offense. The trial court sentenced Appellant to a five-year term of imprisonment, which is obviously the maximum term. Thus, Appellant essentially received a non-minimum, maximum term of imprisonment.
 {¶ 16} Analysis of the imposition of a maximum sentence on a first time offender involves a cumulative approach, and requires analysis of the sentencing requirements under both R.C. 2929.14(B) and (C). See,State v. Edmonson, Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131 andState v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598. When a first time offender receives a maximum prison term, the trial court is required to make multiple findings justifying a departure from the presumption that a minimum sentence is adequate. R.C. 2929.14(B) provides as follows: "[I]f the court imposing sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} In State v. Edmonson, 86 Ohio St.3d 324 at 326, the Supreme Court of Ohio construed this statute to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." The facts of Edmonson are identical to the present facts in that a first time offender received a maximum sentence.
 {¶ 18} Additionally, R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum term sentence for a single offense unless the court records findings that give its reasons for selecting the maximum. Id. at 325. Specifically, before imposing a maximum sentence, a trial court must find that the offender committed the worst form of the offense, posed the greatest likelihood of committing future crimes, was a major drug offender, or was a repeat violent offender. R.C. 2929.14(C).
 {¶ 19} Therefore, our analysis turns to whether the trial court made the required R.C. 2929.14(B) and (C) findings and also provided reasons for its R.C. 2929.14(C) findings, as required by R.C. 2929.19(B)(2)(d). In this case, sentence was actually imposed during the November 10, 2004 pre-sentence investigation hearing; therefore, we will limit our review to the transcript of that hearing. During that hearing, the trial court stated as follows:
 {¶ 20} "This is a sexually oriented offense, the court is of the opinion that the minimum sentence in the case would demean the seriousness of the offense and not adequately protect the public from the conduct ofMr. Hardesty. The court furthermore is of the opinion that based upon the pre-sentence investigation, which will be filed and made part of the record, Mr. Hardesty committed the worse (sic) form of this offense, and that is a sexual battery, it is the order of the court, Mr. Hardesty, that you stand committed to the correction reception center at Orient for a period of five years." (Emphasis added).
 {¶ 21} Appellant takes issue with the court's findings in two respects. In reference to Appellant's second assignment of error related to imposition of a non-minimum sentence, Appellant contends that the court's language does not comply with the requirements of R.C. 2929.14(B). R.C. 2929.14(B) requires that the court find, before imposing a non-minimum sentence on a first time offender, that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender orothers."
 {¶ 22} Here, the trial court did not use the exact terminology laid out in the statute. In State v. West, Washington App. No. 04CA37,2005-Ohio-3485, we noted that with regard to the recitation of the required statutory language during sentencing, the court is not "required to use the `talismatic' words contained in the statute." Citing State v.Mirmohamed (1998), 131 Ohio App.3d 579, 584, 723 N.E.2d 152. However, we also noted that "the court must indicate on the record that it first considered imposing the minimum sentence and then decided to depart from the minimum based upon one or both of the permitted reasons." Id., citing Edmonson, supra and Mirmohamed, supra. Thus, we find that although the trial court's wording did not match the exact language of the statute, it is sufficient. Accordingly, we find that Appellant's second assignment of error is without merit and therefore it is overruled.
 {¶ 23} We next turn our attention to Appellant's third assignment of error, which relates to the trial court's imposition of a maximum sentence. As already set forth above, at the November 10, 2005 sentencing hearing, the trial sentenced Appellant to a maximum term of imprisonment. In doing so, the trial court found that Appellant had committed the worst form of the offense and seemed to base this finding on facts contained in the pre-sentence investigation report. However, the court did not elaborate or state specific reasons justifying its imposition of the maximum sentence. As previously noted, Appellee does not dispute this fact. Because the trial court did not state its reasons for imposing a maximum sentence, as required by R.C. 2929.19(B)(2)(d), we reverse the sentence of the trial court and remand for re-sentencing.
 {¶ 24} In his fourth assignment of error, Appellant contends that the trial court erred by sentencing him to a non-minimum, maximum prison sentence based on facts not found by the jury or admitted by him. Appellant raises this assignment of error based upon the recent decision of the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 403.
 {¶ 25} Once again we take this opportunity to recognize that Blakely
has caused a great degree of confusion and speculation in both the federal and the state courts and it appears that a division of authority now exists in the Ohio appellate districts. See e.g. State v. Glass,
Cuyahoga App. No. 84035, 2004-Ohio-4912 at para. 7; State v. Taylor,
Cuyahoga App. No. 83551, 2004-Ohio-4468 at para. 36; State v. Quinones,
Cuyahoga App. No. 83720, 2004-Ohio-4485 at para. 30. See, also, State v.Bruce, Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 26} In State v. Scheer, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, we concluded that Blakely does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
 {¶ 27} "Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at para. 15.
 {¶ 28} Thus, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and the Sixth Amendment. See, State v. Hardie, Washington App. No. 04CA24,2004-Ohio-7277. See, also, State v. Wilson, Washington App. No. 04CA18,2005-Ohio-830; State v. Ward, Washington App. No. 04CA25, 2005-Ohio-1580. Thus, until the United States Supreme Court or the Ohio Supreme Court address this issue, we will adhere to our ruling in Scheer.[3]
 {¶ 29} Accordingly, based upon the foregoing reasons we overrule Appellant's fourth assignment of error.
REVERSED AND REMANDED.
Abele, P.J., Concurring only in the judgment:
{¶ 30} Once again, I note that the general assembly has, in large part, elevated form over substance with respect to the Ohio felony sentencing statutes. This case and many others serve to illustrate this point. Our common goal, however, should be to make the law more understandable, not less so.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment only with opinion.
Kline, J.: Concurs in Judgment only.
[1] Although the record indicates that this hearing was a pre-sentence investigation hearing, the trial court actually imposed sentence during this hearing, therefore, in essence and regardless of the title of the hearing, it was a sentencing hearing.
[2] Appellee, in its agreement with Appellant's rendition of the pertinent facts, concedes that the trial court did not state its reasons supporting its finding that Appellant had committed the worst form of the offense.
[3] It is our understanding that this issue is now before the Ohio Supreme Court.