THE STATE OF OHIO, APPELLEE, *v.* SCOTT, APPELLANT.

[Cite as State v. Scott (1974), 40 Ohio App. 2d 139.]

140

(No. 1-73-86—Decided May 1, 1974.)

Mr. *Lawrence S. Huffman,* prosecuting attorney, and Mr. *Gary R. Hermon,* for appellee.
Mr. *Thomas R. Kuhn,* for appellant.

GUERNSEY, P. J. This appeal is from a judgment of conviction and sentence in the Common Pleas Court of Allen County, the only assignment of error being that the appellant "was denied fundamental due process of law at the time his plea of guilty was accepted, in that the trial court failed to make a full determination in regard to Defendant-Appellant's understanding of the consequences of such plea of guilty" and that "without such determination the voluntariness of such pleas is in question."

The following is the pertinent colloquy which occurred with respect to the plea:

"The Court: * * * Is the Court to understand now, Mr. McLane [counsel for defendant], that the defendant wishes to change his plea of not guilty as previously entered herein.

" * * *

"Mr. McLane: At this time, we would move the Court for leave to withdraw the prior plea of not guilty as to count one of the Indictment, and Mr. Scott wants to tender at this time, having been informed of his rights to a trial by jury, his rights to confront his accusers and remain silent and allied rights, and of course affirming that it was

his free and voluntary act and nothing has been promised or any threats been made to him, would tender a plea of guilty as charged to count one of the Indictment.

"The Court: All right. Now then, Mr. Scott, the rule still applies that two wrongs don't make one right and we don't want to take advantage of you. You have certain rights and I want to make sure that you understand this. How old are you?

"Mr. Scott: Twenty-two.

"The Court: * * * How far did you go in school?

"Mr. Scott: Ninth grade.

" * * * .

"The Court: * * * Mr. McLane has stated what you are waiving. Do you have any question as to any rights about having a jury or any other Constitutional rights? Do you have any question about this?

"Mr. Scott: No.

"The Court: That you have a right to a trial by jury if you don't want to plead guilty. You do have a right to have a regular lawsuit and all the things that I have mentioned. And you are voluntarily waiving the right to a jury trial and entering a plea of guilty as to count one, is this correct?

"Mr. Scott: Yes.

" * * * .

"The Court: Let's look at count one here. * * * on or about the 22nd of June of this year, at the county of Allen while armed with a pistol, of stealing from Verna Bible—in other words it is armed robbery. You understand that?

"Mr. Scott: Yes.

"The Court: And that offense, under the present law, is ten to twenty-five years. Do you understand that?

"Mr. Scott: Yes.

" * * * . [Here the court inquired as to the facts which gave rise to the charge.]

"The Court: Any questions from the defendant himself? You are entitled to speak up if you want, otherwise you can remain silent. Do you wish to say anything or not?

"Mr. Scott: No, I don't.

"The Court: You understand? You went to the ninth grade, but you understand what is going on?

"Mr. Scott: Yea, I do.

"The Court: You are intelligent enough to read and write and been there and back, so to speak?

"Mr. Scott: (No answer.)

"The Court: Let the record show that the Court, under the circumstances, is now accepting the plea of guilty as to count one of the Indictment. Now, Mr. Pedlow, are you ready to proceed with counts two and three?

"Mr. Pedlow [assistant prosecuting attorney]: Yes. As the Court was informed, all this arose out of the same transaction and we feel with the plea of guilty as to count one, that counts two and three should be nolled; that justice has been served.

"The Court: Any objection to the entering of a nolle or nolle prosequi as to counts two and three of the Indictment?

"Mr. McLane: No objection from the Defense, Your Honor.

"The Court: All right. Let the record show that the Court has accepted the motion of the State to enter a writ of nolle prosequi as to counts two and three of the Indictment. It is granted by the Court. Now then, proceeding to the matter of sentencing. * * *

" * * * "

On September 25, 1973, the date of the foregoing proceedings, Ohio Criminal Rule of Procedure 11(C) (2) was in force and effect and prescribed:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest,

and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

At the time of the alleged offense and at the time of the foregoing proceedings R. C. 2901.13 defining the offense further prescribed that "(W)hoever violates this section is guilty of armed robbery, and shall be imprisoned not less than ten nor more than twenty-five years, *and he shall not have the benefit of probation.*" (Emphasis added.)

Without respect to whether the court could determine from the quoted colloquy the state of defendant's mind and thus the voluntariness of his action in pleading guilty, it appears that the court (1) did not examine him as to his understanding that he would not be eligible for probation, (2) did not inform him and determine his understanding that by his plea he was waiving his right to confront witnesses against him, (3) did not inform him and determine his understanding that by his plea he was waiving his right to have compulsory process for obtaining witnesses in his favor, and (4) did not inform him and determine his understanding that by his plea he was waiving his right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

In *McCarthy* v. *United States*, 394 U. S. 459, 89 S. Ct. 1166, the United States Supreme Court was considering the failure of a federal district court to conform to that part of Rule 11 of the Federal Rules of Criminal Procedure prescribing that the court "shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with an understanding of the nature of the charge." The Supreme Court stated on page 464 (1169) and concluded on page 471 (1173):

"* * * in reversing the Court of Appeals, we hold that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11. This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts; we do not reach any of the constitutional arguments petitioner urges as additional grounds for reversal.

" * * *

"We thus conclude that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea. Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

The situation here is wholly analogous to the situation considered by the Supreme Court in the *McCarthy* case. Here, as there, the Supreme Court of Ohio which adopted the Ohio Rules of Criminal Procedure, has supervisory power over Ohio trial courts. The procedural safeguards of Ohio Criminal Rule 11(C) (2), like those quoted from Rule 11 of the Federal Rules of Criminal Procedure are designed to facilitate a more accurate determination of the voluntariness of the plea. We endorse all that part of the *McCarthy* decision hereinbefore quoted and hold that the reasoning and conclusions are likewise applicable to plea procedure in Ohio where the trial court accepts a guilty

plea without fully adhering to Criminal Rule 11(C) (2). As will be observed from Appendix A to the McCarthy decision and Judge Douglas's concurring opinion the fact that the defendant's attorney informs the court that he has advised the defendant of the consequence of the pleas is not curative.

Here the defendant's attorney advised the court that he had informed the defendant of certain specified rights together with "allied rights" and the court inquired as to whether he had "any question as to any rights about having a jury or any other Constitutional rights." Counsel's statement does not show what "allied rights" are involved and the court's query assumes that the defendant knows what his rights of "having a jury or any other Constitutional rights" are. The very purpose of the procedural safeguards is to inform the defendant of his constitutional rights and to then determine whether he has a sufficient understanding of them that his plea of guilty is voluntarily made. It is uncertain here as to whether defendant's counsel advised him of all of his pertinent constitutional rights and uncertain as to the nature and scope of the advice that was given. It is at least equally certain that the trial court did not address the defendant personally and inform him and determine from him his understanding that by his plea of guilty he was waiving the right to confront witnesses against him, his right to have compulsory process for obtaining witnesses in his favor, and his right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. Without so informing the defendant the trial court could not possibly have determined that, in the light of his constitutional rights, the defendant's plea of guilty was voluntarily made.

Taking the view, as we have, that the prejudicial error consists of the failure of the trial court to conform to the provisions of Criminal Rule 11(C) (2), adopted under the supervisory authority of the Supreme Court of Ohio and having the force of law, we need not and do not take the further step of determining whether such failure con-

stituted a deprival of constitutional due process as might be indicated by the case of *Boykin* v. *Alabama*, 395 U. S. 238, 89 S. Ct. 1709, cited by the defendant. Nor do we nor need we apply *State* v. *Griffey,* 35 Ohio St. 2d 101, relied on by the prosecution. That case was governed by the law as it existed before the effective date of the Ohio Criminal Rules. We note too the following from page 111 of Justice Corrigan's opinion in the *Griffey* case:

"The Court of Appeals must be reversed, but, in so doing, we are of the mind that a salutary purpose will be served by charging the trial judges of Ohio that, in connection with the acceptance of a plea of guilty to a felony, Rule 11 of the Ohio Rules of Criminal Procedure, effective July 1, 1973, *must be scrupulously adhered to,* * * * ." (Emphasis added.)

For the error of not complying with Criminal Rule 11 (C) (2), which error was prejudicial to the defendant, appellant herein, the judgment of conviction and sentence rendered by the trial court must be reversed and set aside and the cause remanded to the trial court to permit the defendant to plead anew to the charge for which he was convicted and sentenced and for further proceedings as provided by law.

*Judgment reversed.*

Cole and Miller, JJ., concur.