Defendant-appellant Roger Carter appeals from his conviction and sentence, following a guilty plea, upon two counts of Aggravated Trafficking. Carter contends that the trial court erred by denying his request for conditional probation, without a hearing. Carter also contends that the trial court improperly accepted his plea without first advising him that he might not be eligible for probation or conditional probation. We conclude that a trial court is not required to hold a hearing on a request for conditional probation, made long after sentence has been imposed, based solely upon the defendant's conclusory allegation that he is drug dependent, where there has been nothing in the record before, or at the time of, sentencing to suggest that the defendant might be drug dependent. Furthermore, where a defendant's eligibility for probation or conditional probation necessarily involves the exercise of substantial discretion by the trial court, we conclude that the trial court is not required to inform the defendant that he may not be eligible for probation or conditional probation before accepting a guilty plea. Accordingly, the judgment of the trial court is Affirmed.
 I
Carter was indicted on three counts of Aggravated Trafficking and two counts of Possessing Criminal Tools. Carter, who was represented by counsel, entered into a plea agreement with the State, under which he pled guilty to two of the Aggravated Trafficking counts, and the remaining counts were dismissed.
Over six months after the imposition of sentence, Carter filed a motion for conditional probation. He requested a hearing on the motion. His motion was denied, without a hearing.
Carter moved for leave to file a delayed appeal, which this court granted. The matter is before the court upon Carter's appeal from his conviction and sentence.
 II
Carter's First Assignment of Error is as follows:
 THE COURT ERRED BY NOT FOLLOWING THE STATUTORY PROCEDURE GOVERNING CONSIDERATION OF DEFENDANT-APPELLANT'S MOTION PURSUANT TO O.R.C. 2951.04 FOR CONDITIONAL PROBATION DENYING THE APPELLANT DUE PROCESS UNDER THE LAW.
Carter contends that the trial court erred by not holding an evidentiary hearing upon his motion for conditional probation. That motion was filed more than six months after the imposition of sentence. Because the general statutory scheme for the suspension of a criminal sentence and the placing of the offender on probation appears to contemplate that the suspension will occur before the offender is delivered into the custody of the institution in which he is to serve his sentence, we have reservations whether Carter's motion for conditional probation was timely filed. See R.C. 2929.51(A). However, even if Carter's motion for conditional probation is deemed to have been timely filed, we conclude that the trial court was not required to hold a hearing.
Carter relies upon R.C. 2951.04(B), which provides, in pertinent part, as follows:
 With any reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for conditional probation if the court finds that:
 (1) The offender is drug dependent or is in danger of becoming drug dependent, and he may benefit from rehabilitation or treatment; * * *
It is clear that the hearing referred to in R.C. 2951.04(B) is an evidentiary hearing. R.C. 2951.04(D).
The provision upon which Carter relies, R.C. 2951.04(B), is preceded by R.C. 2951.04(A), which provides as follows:
 If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court may, and when the offender has been convicted the court shall, advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.
From the sequence in which these statutory provisions appear, we conclude that the statutory requirement of a hearing, set forth in division (B) of the statute, contemplates that the request for conditional probation has been triggered by the trial court's advice, pursuant to division (A) of the statute, that the defendant has a right to request conditional probation. This conclusion is bolstered by the use of the definite article — "after receipt of the request for conditional probation" — in division (B).
In the case before us, there is nothing in the record that would have given the trial court any reason to believe that Carter was a drug dependent person or was in danger of becoming a drug dependent person. Consequently, the trial court did not advise Carter of his right to request conditional probation, and his motion for conditional probation, made more than six months after the imposition of sentence, was not in response to the trial court's having advised him of his right to request conditional probation. Under these circumstances, we conclude that a defendant has no automatic right to an evidentiary hearing on a motion for conditional probation, assuming, for purposes of analysis, that Carter's motion for conditional probation was timely.
In general, when a defendant seeks relief from a conviction and sentence, the defendant is not automatically entitled to a hearing, but must first establish, by the use of affidavits or other evidentiary material, the existence of a factual predicate for the relief. See, for example, State v. Kapper (1983), 5 Ohio St.3d 36;State v. Smith (1986), 30 Ohio App.3d 138; Toledo v.Stuart (1983), 11 Ohio App.3d 292.
In the case before us, Carter's motion for conditional probation was not supported by affidavit or other evidentiary material. In fact, his motion and memorandum contain only the following, conclusory allegation that he is drug dependent:
 In the instant case, the Defendant, Roger Carter, has extensive and documented history of drug problems and drug related offenses.
Conspicuously missing from Carter's motion and memorandum is any documentation of his history of drug problems.
In our view, a defendant is not entitled to a hearing on a request for conditional probation simply because he makes a conclusory allegation that he is drug dependent. Of course, if a defendant has been advised by the trial court of his right to request conditional probation, pursuant to the duty of the trial court set forth in R.C. 2951.04(A), that means that the trial court has reason to believe that the defendant may be drug dependent. In that situation, unlike in Carter's situation, a hearing on the issue of conditional probation would be appropriate.
Carter's First Assignment of Error is overruled.
 III
Carter's Second Assignment of Error is as follows:
 THE COURT ERRED BY NOT ADVISING THE DEFENDANT-APPELLANT THAT HE MAY NOT BE ELIGIBLE FOR PROBATION AND/OR CONDITIONAL PROBATION FOR TREATMENT AND REHABILITATION WHEN THE DEFENDANT-APPELLANT ENTERED HIS PLEA, AND WITH THE RECORD SHOWING THE DEFENDANT HAD BEEN CONVICTED OF A PREVIOUS OFFENSE.
Carter contends that the trial court failed to comply with its duty, pursuant to Crim.R. 11(C)(2)(a), to advise him of the fact that he was not eligible for probation. Carter contends that because he had been convicted of a prior felony drug offense, he was a repeat offender, and was therefore ineligible for probation. The phrase "repeat offender," is defined in R.C. 2929.01(A) to mean "a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense."
Because the definition of "repeat offender" involves a finding of fact that imbues the trial court with substantial discretion, a defendant cannot be said to be ineligible for probation until and unless the trial court makes a factual determination, at a sentencing hearing, that the defendant has a history of persistent criminal activity and the defendant's character and condition reveal a substantial risk that the defendant will commit another offense. State v. Palatas (May 12, 1995), Mont. App. No. 14735, unreported.
Carter relies upon State v. Scott (1974), 40 Ohio App.2d 139. However, in that case the fact that the defendant had been convicted of Armed Robbery, without more, made him ineligible for probation. No further factual finding was required. Under those circumstances, the trial court was required to inform the defendant, before accepting his guilty plea, that his guilty plea, in and of itself, would render him ineligible for probation.
Carter's Second Assignment of Error is overruled.
 IV
Carter's Third Assignment of Error is as follows:
 THE COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING THE DEFENDANT-APPELLANT'S GUILTY PLEA TO COUNTS I AND III OF THE INDICTMENT, WHEN THE PLEA WAS NOT VOLUNTARILY ENTERED INTO.
This Assignment of Error is predicated upon Carter's contention that the trial court should have informed him that he was not eligible for probation. As discussed in Part III, above, Carter was eligible for probation at the time his plea was tendered and accepted. He would not have become ineligible for probation unless and until the trial court had made a factual determination at a sentencing hearing that he was a repeat offender under R.C. 2929.01(A).
We have reviewed the transcript of the plea proceeding, in which Carter acknowledged that his decision to enter the plea was voluntary. We have found nothing in the transcript of that proceeding, or otherwise, to suggest that his plea was other than voluntary.
Carter's Third Assignment of Error is overruled.
 V
All of Carter's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Stephen Collins
Daniel J. Martin
Roger S. Carter
Hon. Gerald F. Lorig