OPINION
{¶ 1} Appellant Marquise T. Smith appeals, pursuant to In Re:Anderson (2001), 92 Ohio St. 3d 63, from the July 25, 2001 judgment entry of the Richland County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.
 {¶ 2} Appellant appeals on the basis that the Erie County Court of Common Pleas, Juvenile Division, erred when it accepted his plea of admission without substantially complying with the requirements of Juv. R. 29(D). The following facts give rise to this appeal.
 {¶ 3} Appellant was charged in the Erie County Court of Common Pleas, Juvenile Division with one count of rape. After entering a denial to the charge appellant appeared, with counsel, for an adjudicatory hearing on May 30, 2001.
 {¶ 4} Prior to the commencement of the hearing, appellant's counsel informed the Juvenile Court that appellant wished to enter an admission to the charge. The trial court first inquired as to whether appellant wished to enter an admission. The appellant responded "Yeah". The court then asked the appellant to describe the facts of the underlying charge. The appellant did so. The trial court further inquired as to whether appellant had discussed this matter with his attorney. The appellant responded that he had discussed the case with his attorney. The trial court continued "if you desire to go forward and have a trial you can do that. Entering your admission you are waiving that right, do you understand? You are giving it up, asking for me to make a decision based on what you told me here today right?" The appellant responded "right". The trial court informed the appellant that if the court accepts the admission, the trial court could sentence the appellant to the Department of Youth Services for a minimum period of one year up to the age of 21. The appellant responded that he understood. The trial court again asked whether he had talked to his attorney about all of this. Appellant responded that he had discussed his case with his attorney. Appellant's trial counsel informed the trial court that counsel had reviewed the juvenile's rights and was satisfied that he understood his rights. The court accepted appellant's admission, found him to be a delinquent child, and transferred the case from Erie County to the Richland County Court of Common Pleas for the dispositional hearing.
 {¶ 5} The dispositional hearing took place on July 25, 2001. The trial court committed the appellant to the Department of Youth Services for a period of three years to age 21, and ordered him to undergo a sex offender treatment program during that period of time.
 {¶ 6} Appellant filed his notice of appeal and sets forth the following two assignments of error for our consideration:
 {¶ 7} "I. The trial courts failure to comply with rule 29 (d) of the ohio rules of juvenile procedure denied the appellant his constitutional rights and constitutes reversible error.
 {¶ 8} "II. The trial court's excessive sentencing constitutes reversible error."
 {¶ 9} Appellant contends, in his first assignment of error, that the juvenile court erred when it accepted his plea of true to the charge of Rape without complying with the requirements of Juv.R. 29(D). Specifically, Appellant argues that the court did not engage in an adequate colloquy pursuant to Juv. R. 29(D) to determine whether appellant was making the plea voluntarily, with an understanding of the nature of the allegations against him. Further, appellant argues that the court did not specifically inform him of his rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing, as required under subsection (D)(2). We agree.
 {¶ 10} Recently, the United States Supreme Court has suggested that "[t]he omission of a single Rule 11 warning without more is not colorable structural [error] . . ." United State v. Dominguez-Benitez (June 14, 2004), ___ U.S. ___, 124 S.Ct. 2333, 2339 at n. 6. Accordingly, reversal is not automatically required. Id. at 2338. Rather, the standard of review for compliance with Fed. Rules Cr. Proc. Rule 11 in informing a defendant of his rights prior to a plea of guilty is plain error. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez-Benitez, supra,124 S.Ct. at 2340.
 {¶ 11} Fed. Rules Cr. Proc. Rule 11 is analogous to Ohio Crim. R. 11 and Juv. R. 29. In re: Homan, 5th Dist. No. 2002AP080067, 2003-Ohio-352. The United States Supreme Court further stated that where a defendant does not enter a Rule 11 objection on the record, the defendant has the burden to demonstrate plain error, and an appellate court may look to the entire record when determining whether the appellant's substantial rights have been affected. United States v. Vonn (2002), 535 U.S. 55,122 S.Ct. 1043, 1046, 152 L.Ed.2d 90.
 {¶ 12} In the instant case, appellant failed to object on the record to the trial court's manner of conducting the adjudicatory hearing.
 {¶ 13} At the outset we note that the so-called substantial compliance test is defined as: "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476-477. The substantial-compliance test can be applicable to Crim.R. 11(C) or Juv. R. 29 when the trial court failed to omply strictly with the requirements of the rule, but the defendant is not shown to be prejudiced by the omission. See State v. Stewart (1977),51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163, 1166-1167; State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476-477; In re Bowman
(Jan. 8, 2001), 5th Dist. No. 2000CA00037.
 {¶ 14} Under the "plain error" standard the court can look to the totality of the circumstances to determine whether the appellant's substantial rights have been affected. United States v. Vonn (2002),535 U.S. 55, 122 S.Ct. 1043, 1046. It is axiomatic that if an appellant has been "prejudiced by the omission" his "substantial rights have been affected." Accordingly, a variance from the requirements of Crim. R. 11 or Juv. R. 29 is harmless error if it does not affect substantial rights. United States v. Dominguez-Benitez, supra.
 {¶ 15} As in a criminal case in which a defendant offers a plea of guilty pursuant to Crim.R. 11(C), the juvenile court must, pursuant to Juv.R. 29(D), make a careful inquiry before accepting an admission in a juvenile case. In re Green (1982), 4 Ohio App.3d 196, 198, 4 OBR 300, 301, 447 N.E.2d 129, 130.
 {¶ 16} Juv.R. 29(D) provides in part:
 {¶ 17} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining that:
 {¶ 18} "(1) He is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and
 {¶ 19} "(2) He understands that by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing."
 {¶ 20} As the language of Juv.R. 29(D) indicates the court is required to comply with both paragraphs (1) and (2) before accepting the admission of a party.
 {¶ 21} Juv.R. 29(D) also places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567,571, 685 N.E.2d 1257; In re Pritchard, 5th Dist. No. 2001AP080078, 2002-Ohio-1664; In re Flynn (1995), 101 Ohio App.3d 778, 783,656 N.E.2d 737, 740. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id.
 {¶ 22} Although the trial judge addressed the elements contained in Juv.R. 29(D) (1), the record clearly reveals that the trial judge failed to address virtually any of the elements contained in Juv.R. 29(D) (2). The only right discussed by the trial judge with the appellant was his right to trial. (T. at 17). There was no discussion by the trial court to determine whether appellant understood that by entering his admission he was waiving his rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing, as required under subsection (D)(2). Therefore, there was no compliance, substantial or otherwise, with the requirements of Juv.R. 29(D) (2). See State v. Scott (1974), 40 Ohio App.2d 139, 145-146, 69 O.O.2d 152, 155-156, 318 N.E.2d 416, 420-421 (trial court's failure to inform defendant of any of constitutional rights set forth in Crim.R. 11[C] [2] constitutes prejudicial error requiring reversal). The State has not presented any evidence that the record contains any indication that the appellant was ever informed of his rights by the trial court or that he had ever signed a waiver of those rights in a previous hearing before the trial court.
 {¶ 23} A juvenile cannot knowingly, intelligently and voluntarily waive his constitutional rights if he is not informed as to what they are by the trial court prior to the court accepting the juvenile's plea. Accordingly, we find plain error affecting the substantial rights of the appellant.
 {¶ 24} Appellant's First Assignment of Error is accordingly sustained. The trial court's finding of delinquency by reason of rape is reversed, appellant's admission is vacated, and the cause is remanded to the trial court so that appellant may plead anew.
 {¶ 25} In light of disposition of appellant's First Assignment of Error, we find appellant's Second Assignment of Error to be moot.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
Gwin, J., Boggins, P.J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Richland, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion. Costs to appellee.