OPINION
{¶ 1} Defendant-appellant, Paul H. Amburgy, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of cocaine possession and sentencing him to a six-month sentence to be served consecutively to a sentence imposed in another case. For the reasons that follow, we vacate the sentence imposed by the common pleas court and remand the cause to that court for resentencing.
 {¶ 2} By indictment filed May 19, 2004, defendant was charged with one count of possession of cocaine. On September 27, 2004, defendant pled guilty to possession of cocaine, a violation of R.C. 2925.11, and a felony of the fifth degree. The trial court found defendant guilty of the charge to which he pled guilty. After conducting a sentencing hearing, the trial court imposed a six-month sentence to be served consecutively to a sentence in a case from Delaware County, Ohio.
 {¶ 3} From the trial court's judgment, defendant timely appeals and assigns three errors for our consideration:
FIRST ASSIGNMENT OF ERROR: The hearing at which appellant's guilty plea was entered did not conform with the requirements of Criminal Rule 11 or due process.
SECOND ASSIGNMENT OF ERROR: The trial court failed to make findings supporting the imposition of a consecutive sentence. Nor did it meet its obligation to both make findings and state its reasoning in support of such findings.
THIRD ASSIGNMENT OF ERROR: The judgment entry erroneously states that appellant was advised regarding post-release control.
 {¶ 4} Defendant's first assignment of error asserts that the trial court failed to comply with Crim.R. 11 or due process when it accepted defendant's guilty plea. Specifically, defendant claims that by omitting any reference to post-release control during the plea colloquy, the trial court failed to substantially comply with Crim.R. 11.
 {¶ 5} Crim.R. 11(C)(2) provides, in relevant part:
(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} A court's lack of notification about post-release control at a plea hearing could in some instances constitute a basis to vacate a plea. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, at ¶ 28. As the First District Court of Appeals has stated:
* * * Since post-release control and sanctions for violations of it are part of an offender's sentence that increase the maximum penalty involved, the trial court must inform an offender of them before accepting his plea of guilty * * *. To require otherwise would deny a defendant essential information necessary to make an intelligent and voluntary plea decision.
State v. Gulley, Hamilton App. No. C-040675, 2005-Ohio-4592, at ¶ 14.
 {¶ 7} In State v. Duncan (Apr. 2, 1998), Franklin App. No. 97APA08-1044, this court explained that "[a] trial court must personally inform a defendant about the critical constitutional rights that he waives by pleading guilty before it accepts the defendant's plea, and strict compliance with this provision is required." Id., citing State v. Nero (1990), 56 Ohio St.3d 106;State v. Ballard (1981), 66 Ohio St.2d 473; and State v.Stewart (1977), 51 Ohio St.2d 86. The Duncan court further explained:
* * * The trial court must also tell a defendant about other matters, such as the maximum penalty involved, before accepting the plea; however, substantial compliance with Crim.R. 11(C) will suffice when advising about these matters as long as no prejudicial effect occurs. Nero and Stewart, supra.
Id.
 {¶ 8} As defined by the Supreme Court of Ohio in Nero,
supra:
Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made. * * *
Id. at 108. (Citations omitted.)
 {¶ 9} Therefore, as this court in Duncan explained: "* * * [T]he trial court, without directly informing a defendant about the other matters, can determine that the defendant understands the implications of the plea and the rights being waived based on the totality of the circumstances." Id., citing Nero; State v.Carter (1979), 60 Ohio St.2d 34, certiorari denied (1980),445 U.S. 953, 100 S.Ct. 1605; Stewart, supra.
 {¶ 10} Here, defendant does not claim that, if the trial court had informed him about post-control release at the plea hearing, he would have pled otherwise. Thus, it is debatable whether defendant has been prejudiced by the trial court's purported omission. See Nero, at 108 (stating that "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made * * *").
 {¶ 11} In support of his first assignment of error, defendant invites us to rely upon case authority from other appellate districts: State v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474
(Sixth District Court of Appeals holding that to substantially comply with Crim.R. 11[C][2][a] a trial court must advise a defendant of any mandatory post-release control at the time of the defendant's plea); State v. Prom, Butler App. No. CA2002-01-007, 2003-Ohio-6543 (Twelfth District Court of Appeals concluding that as a consequence of erroneous advice relating to post-release control, the trial court erred when it accepted the defendant's guilty plea); State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344 (Eighth District Court of Appeals stating that a trial court's failure to offer any explanation concerning post-release control sanctions is inadequate and does not constitute substantial compliance under Crim.R. 11[C][2][a] or R.C. 2943.032[E]); and State v. Jones (May 24, 2001), Cuyahoga App. No. 77657 (Eighth District Court of Appeals), appeal not allowed, 93 Ohio St.3d 1434 (finding that the trial court's failure to offer any exposition of post-release control sanctions was not adequate and did not constitute substantial compliance with the trial court's responsibility).
 {¶ 12} We find, however, that this court's decision inDuncan, supra, is apposite and instructive. In that case, Robert Duncan pled guilty to endangering children, a second degree felony. Later, Duncan appealed, claiming that the trial court abused its discretion when it failed to inform him about post-release control and failed to inform him that, upon a violation of post-release control, a residential sanction might be imposed, including a prison term of up to nine months. On appeal, Duncan asserted that a trial court must provide personal notice and written notice about post-release control.
 {¶ 13} Overruling Duncan's sole assignment of error and affirming the trial court's judgment, the Duncan court observed that R.C. 2929.19(B)(3)(c) and (e) required a trial court to "notify" an offender who is convicted of a second degree felony that post-release control and sanctions for violating post-release control will be imposed. The Duncan court also observed that, under the facts of that case, at the plea hearing there was an oral exchange involving the trial court, the defendant, defense counsel, and the prosecutor in which post-release control was mentioned. The Duncan court stated that "[e]ven assuming that this [oral exchange] was not a sufficient verbal notification, we still conclude that the trial court properly notified appellant about post-release control and properly accepted his guilty plea." Id. The Duncan court observed that the defendant signed a plea form that contained a complete explanation of post-release control and that the defendant also signed a notice form that explained post-release control. Id. Concluding that the trial court substantially complied with Crim.R. 11(C) and sufficiently notified the defendant about post-release control, the Duncan court stated:
The totality of the circumstances indicate that appellant knew about post-release control and the sanctions for violating it. Appellant does not assert that, if he had been personally informed by the trial court about post-release control, he would have withdrawn his plea and elected a trial. We determine that the record does not demonstrate prejudice resulting from the trial court's acceptance of his guilty plea without personally notifying him about the post-release control. * * *
Id.
 {¶ 14} Here, unlike Duncan, we find that at the plea hearing the trial court failed to make any reference to post-control release. However, like Duncan, in this case defendant does not assert prejudice and signed a guilty plea form that explained post-control release. This form filed on September 29, 2004, stated, in relevant part:
I understand that the Court may impose community control sanctions upon me. If I violate the conditions of such community control sanctions or the condition under R.C. 2951.02(C) (1b) [sic], I understand that the Court may extend, up to five years, the time for which I am subject to community control sanctions, impose more restrictive sanctions, or imprison me for up to the maximum term(s) allowed for the corresponding offense(s) as set forth above.
* * *
If the Court imposes a prison term, I understand that the following period(s) of post-release control is/are applicable: * * * F-5 * * * Up to Three Years — Optional.
I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. I understand that I may be prosecuted, convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).
 {¶ 15} In the present case, during the plea hearing, the trial court examined defendant and determined, among other things, that defendant had obtained a GED; that he was not under the influence of alcohol or drugs; that he understood to which offense he was pleading guilty; that he signed the plea form; that defense counsel had reviewed the plea form and defendant understood the plea form; that he was voluntarily entering a guilty plea; that he understood that by signing the plea form he was waiving any defenses he may have had related to the charge; that he understood that by signing the plea form he was waiving the right to trial by jury, the right to confront and question witnesses, the right to compulsory process, the right to be proven guilty beyond a reasonable doubt, the right against self-incrimination,[1] and the right to appeal anything "that were to go wrong" during a jury trial. (Plea Hearing Tr. at 3-5.)
 {¶ 16} Thereafter, on the same day as the sentencing hearing, defendant signed a notice form that explained post-control release. This notice filed on November 18, 2004, stated in relevant part:
After you are released from prison, you may have a period of post-release control for 3 years following your release from prison. If you violate post-release control sanctions imposed upon you, any one or more the following may result:
(1) The Parole Board may impose a more restrictive post-release control sanction upon you; and
(2) The Parole Board may increase the duration of the post-release control subject to a specified maximum; and
(3) The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon you; and
(4) If the violation of the sanction is a felony, you may be prosecuted for the felony and, in addition to any sentence it imposes on you for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation.
 {¶ 17} Additionally, insofar as the record reveals, defense counsel failed to object to the trial court's failure to make any reference to post-control release at the plea hearing or at the sentencing hearing. "Normally, an appellate court need not consider an error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court." State v. Hill (2001),92 Ohio St.3d 191, 196, citing State v. Williams (1977),51 Ohio St.2d 112, 117, judgment vacated in part (1978), 438 U.S. 911,98 S.Ct. 3137. Therefore, "a claim of error in such a situation is usually deemed to be waived absent plain error." Hill, at 196. See, generally, Crim.R. 52(B); see, also, State v. Barnes (2002),94 Ohio St.3d 21, 27 (instructing that a reviewing court is not obliged to correct plain forfeited errors); In re Smith,
Richland App. No. 2004-CA-64, 2005-Ohio-1434 (applying plain error standard when reviewing whether a plea under Juv.R. 29[D] was knowingly, intelligently, and voluntarily made).
 {¶ 18} Based upon our review of the evidence, the totality of the circumstances indicates that defendant knew about post-release control and sanctions for violating post-release control. Furthermore, defendant does not assert prejudice resulted from the trial court's failure to engage in some verbal dialogue about post-release control. We therefore conclude that the trial court substantially complied with Crim.R. 11(C) and that defendant's guilty plea does not offend due process. SeeDuncan, supra; see, also, Woods v. Telb (2000),89 Ohio St.3d 504, 513, reconsideration denied, 90 Ohio St.3d 1419.[2]
Cf. State v. Brown, Hamilton App. No. C-020162, 2002-Ohio-5983, at ¶ 29 (requiring that the trial court engage in some verbal dialogue to ensure that a defendant understands what is contained in a plea agreement concerning post-release control and the consequences of violating it).[3]
 {¶ 19} Accordingly, for the foregoing reasons, we overrule defendant's first assignment of error.
 {¶ 20} Defendant's second assignment of error asserts that the trial court failed to make findings to support the imposition of consecutive sentences and failed to state its reasoning to support the imposition of consecutive sentences.
 {¶ 21} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Supreme Court of Ohio held: "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus. The Comer court explained:
* * * A court may not impose consecutive sentences for multiple offenses unless it "finds" three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c).
Id. at ¶ 13. (Emphasis sic.; fn. omitted.)
 {¶ 22} The Comer court further explained that "[a] trial court must also comply with R.C. 2929.19(B) when imposing consecutive sentences." Id. at ¶ 14. "R.C. 2929.19(B)(2) provides that the sentencing court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * `(c) If it imposes consecutive sentences under [R.C.] 2929.14 * * *.'" Id. at ¶ 14-16. (Emphasis sic.)
 {¶ 23} Here, based upon our review, we find that the state properly concedes that the trial court failed to make its statutorily enumerated findings as required by Comer.
 {¶ 24} Accordingly, defendant's second assignment of error is sustained.
 {¶ 25} Defendant's third assignment of error asserts that the judgment entry erroneously states that appellant was advised regarding post-release control.
 {¶ 26} Here, the November 18, 2004 judgment entry states, in relevant part, that "[a]fter the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C.2929.13(B)(3)(c), (d) and (e)." The state concedes that the trial court failed to orally notify defendant of post-release control.
 {¶ 27} In Jordan, supra, at syllabus, the Supreme Court of Ohio held:
1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.
 {¶ 28} Here, the record contains a form that notified defendant about post-release control. Defendant and defense counsel signed the notice, which was dated November 17, 2004, the same day as the sentencing hearing. The prosecuting attorney did not sign this notice. According to this notice, defendant certified that "the Court read to me, and gave me in writing, the notice set forth herein" and defense counsel certified as follows: "As the attorney for the Defendant, I hereby certify that the Judge read to the Defendant, and give (him, her) in writing, the notice set forth within."
 {¶ 29} However, insofar as the sentencing hearing transcript reveals, the trial court failed to notify defendant of post-release control at the sentencing hearing. ApplyingJordan, we therefore find that the trial court failed to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d) and defendant's sentence must be vacated. See, also, Jordan, at ¶ 17, fn. 2 (noting "that personally advising the offender about postrelease control at the sentencing hearing pursuant to R.C.2929.19[B][3] alleviates any potential problems pursuant to Crim.R. 43[A], which requires a defendant to be present at sentencing").
 {¶ 30} Accordingly, for the foregoing reasons, defendant's third assignment of error is sustained.
 {¶ 31} Under R.C. 2953.08(G)(2), if an appellate court clearly and convincingly finds that a trial court's sentence is contrary to law, an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." See Jordan, at ¶ 23, fn. 5. See, also, State v. Beasley (1984), 14 Ohio St.3d 74, 76
(holding that a trial court's correction of a statutorily incorrect sentence did not violate constitutional guarantee against double jeopardy). Here, for the reasons discussed in our disposition of appellant's second and third assignments of error, we clearly and convincingly find that the trial court's sentence is contrary to law.
 {¶ 32} Accordingly, defendant's first assignment of error is overruled, and his second and third assignments of error are sustained. Having found the trial court's sentence to be contrary to law, we therefore vacate the sentence imposed by the Franklin County Court of Common Pleas and remand this case to that court for resentencing only.
Sentence vacated; case remanded for resentencing.
French and Travis, JJ., concur.
[1] During the plea colloquy, the trial court stated:
You understand you also give up certain procedural and constitutional rights, among those being a right to a trial by jury * * * the right to question and confront any witnesses the prosecution may produce against you * * * the right to have folks come in and testify in your behalf, folks I could subpoena to come in if they were unwilling to come voluntarily. * * * You recognize in a trial you don't have to say anything. You don't have to prove that you are innocent. The prosecution has to prove that you are guilty beyond a reasonable doubt. * * *
(Plea Hearing Tr. at 4-5.)
[2] In Woods, the Supreme Court of Ohio stated:
* * * [W]e hold that pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Because the record clearly indicates that the petitioner was advised of discretionary post-release control both in his signed plea form and in his sentencing entry, we find no violation of the separation of powers doctrine in this case.
Id. at 513. See, also, State v. Madaris, 156 Ohio App.3d 211,2004-Ohio-653, at ¶ 9, appeal not allowed, 102 Ohio St.3d 1473,2004-Ohio-2830 (construing Woods, supra, and stating that "[t]he Ohio Supreme Court has held that a trial court's failure to inform a defendant of the consequences of post-release control at the time of sentencing is not reversible error when the explanation is stated in a written plea form and in the sentencing entry"). But, see, State v. Harris,160 Ohio App.3d 851, 2005-Ohio-2503, at ¶ 16 (finding that in Jordan, supra, the Supreme Court of Ohio superseded its holding in Woods,
supra, regarding the issue of notification of post-release control).
[3] In Brown, the First District Court of Appeals stated, in relevant part:
* * * [W]hile it may not be necessary for the trial court to repeat the language concerning post-release control found in R.C.2929.19(B)(3) where an adequately informative plea agreement has been endorsed by a defendant, the trial court must engage in some dialogue to ensure that the defendant understands that the applicable post-release control may or will be imposed and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the post-release control is violated. Thus, the notification requirements under R.C. 2929.19(B)(3) are properly met in a situation involving a plea agreement if (1) the plea agreement, as endorsed, contains language informing the defendant that he or she may or will be subject to a specific period of post-release control (depending on the degree and type of felony involved) and that he or she may be imprisoned for one-half of the stated prison term originally imposed for violating the post-release control, and (2) the trial court verbally addresses the defendant to ensure that he understands what is contained in the plea agreement concerning post-release control and the consequences of violating it.
Id. at ¶ 29.