{¶ 44} I concur with the majority on the second and fourth assignments of error, and in judgment only as to the third assignment of error. However, I dissent as to the first assignment of error.
 {¶ 45} In his first assignment of error, McCullough contends that he did not agree to the stipulation of prior convictions his attorney entered into on his behalf. The majority has focused on the limited issue of whether a stipulation is proper in a criminal case. While I have serious concerns as to whether a stipulation is ever permissible in a criminal case, that is not the issue raised here. The essence of McCullough's argument is that the record does not reflect that he knowingly and voluntarily stipulated to his prior convictions. I feel that McCullough's argument *Page 20 
presents this Court with an issue of first impression in Ohio: are the procedural safeguards required by Crim. R. 11 for guilty pleas applicable where a defendant stipulates to an element of a criminal offense? In examining this issue, we must consider the goals of Crim. R. 11 as well as the treatment of the issue in other states.
 {¶ 46} It is well settled that the State bears the burden of establishing each and every element of a criminal offense beyond a reasonable doubt. In re Avery, 3d Dist. No. 12-2000-16, 2001-Ohio-2226, citing In re Winship (1970), 397 U.S. 358, 361. However, "`a stipulation, once entered into, filed and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in that case. A party who had agreed to a stipulation cannot unilaterally retract or withdraw it.'"Avery, quoting Horner v. Whitta (1994), 3d Dist. No. 13-93-33,1994 WL 114881. Additionally, this Court has found that it is "not error for defense counsel to enter into a stipulation of fact, even if it is an element of the crime charged, and it is not error for the trial court to have found such facts to have been proven beyond a reasonable doubt." Id.
 {¶ 47} Unfortunately, none of the cases cited above raised the specific issue that is raised here by McCullough. Furthermore, each of the cases cited above relies on a line of cases that spring from civil proceedings, not criminal, which seriously undermines the value of that alleged authority in a criminal context. *Page 21 
 {¶ 48} On the issue of proof of prior convictions, the Ohio Supreme Court recently stated:
 When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state. State v. Allen (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 506 N.E.2d 199. Thus, since the three earlier convictions are elements of Brooke's fourth-degree felony, they must be proved beyond a reasonable doubt. State v. Henderson (1979), 58 Ohio St.2d 171, 173, 12 O.O.3d 177, 389 N.E.2d 494.
State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8.
 {¶ 49} Here, McCullough was convicted of domestic violence under R.C. 2919.25 which provides, in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 * * *
 (1) Whoever violates this section is guilty of domestic violence.
 (2) Except as otherwise provided in division (D)(3) or (4) of this section, a violation of * * * division (A) * * * of this section is a misdemeanor of the first degree.
 (3) * * * [I]f the offender previously has pleaded guilty to or been convicted of domestic violence * * *, a violation of section 2903.14, 2909.06, 2909.07, 2911.12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, * * * or any offense of violence if the victim was a family or household member at the time of the commission of the offense, a violation of division (A) * * * of this section is a felony of the fourth degree[.] * * *
 (4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division *Page 22 
 (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) * * * of this section is a felony of the third degree[.] * * *
McCullough's offense was classified as a third degree felony pursuant to R.C. 2919.25(D)(4) because it was alleged that McCullough stipulated that he had previously been convicted of both domestic violence and abduction, each of which was an offense of violence against a family or household member.
 {¶ 50} The United States Supreme Court has held that a guilty plea is tantamount to a waiver of three important federal rights: (1) the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment; (2) the right to trial by jury; and, (3) the right to confront one's accusers. Boykin v. Alabama (1969), 395 U.S. 238,243-244. Accordingly, "[b]efore accepting a guilty plea in a felony case, a `trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.'" State v. Jones (2007), 116 Ohio St.3d 211, ¶ 12, quoting State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. "In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea." Id., citing Crim. R. 11(C)(2)(a) and (b). Additionally, "a judge must also *Page 23 
`addres[s] the defendant personally' and `determine] that the defendant is making the plea voluntarily.'" Id., quoting State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 26, quoting Crim. R. 11(C)(2)(a). Failure to ensure that a plea is entered knowingly, intelligently, and voluntarily renders its enforcement unconstitutional. State v. Engle (1996),74 Ohio St.3d 525, 527, citing Kercheval v. United States (1927), 274 U.S. 220,223; Mabry v. Johnson (1984), 467 U.S. 504, 508-509; Boykin,395 U.S. 238; State v. Kelley (1991), 57 Ohio St.3d 127; Crim. R. 11(C).
 {¶ 51} This Court examined the goals of the Crim. R. 11 procedural safeguards in State v. Scott (1974), 40 Ohio App.2d 139, 144. InScott, we quoted the United States Supreme Court in finding that mandatory compliance with Crim. R. 11 procedural safeguards furthered the goals of (1) ensuring that every accused is afforded procedural safeguards, and (2) reducing "`the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate.'" 40 Ohio App.2d at 144, quotingMcCarthy v. United States, 394 U.S. 459, 464. Because of these benefits, we endorsed the Supreme Court's reasoning that it was "`not too much to require that, before sentencing defendants to years of imprisonment, [judges] take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.'" Id., quoting McCarthy, supra. *Page 24 
 {¶ 52} Although the issue of Crim. R. 11 applicability to stipulations has not been examined by Ohio courts, courts in several other states have found that stipulations entered into in criminal trials are sometimes tantamount to guilty pleas. Consequently, these courts have held that, where a stipulation is tantamount to a guilty plea, safeguards similar to those required by Crim. R. 11 are necessary to ensure that the defendant has a full understanding of the constitutional rights he is waiving. See State v. Yurko (Cal. 1974), 519 P.2d 561; CfGlenn v. United States (App.D.C. 1978), 391 A.2d 772 (holding that a stipulated trial is tantamount to a guilty plea; thus, a trial court must ensure that defendant understands the consequences of the stipulated trial); People v. Horton (Ill.2d.1991), 570 N.E.2d 320
(holding that a stipulated bench trial which stipulates not only to the evidence, but that the evidence is sufficient to convict, is tantamount to a guilty plea and must be preceded by admonishments required for guilty pleas); Yanes v. State (Md.App. 1982), 448 A.2d 359 (holding that a "plea of not guilty on an agreed statement of facts" is the functional equivalent of a guilty plea and requires the trial court to question defendant on the record to ensure he understands the plea and it is voluntary); Commonwealth v. Davis (Pa. 1974), 322 A.2d 103 (holding that, where stipulation to witnesses' testimony made a not guilty verdict extremely unlikely, the stipulation was tantamount to guilty plea and the State must prove it was knowingly and voluntarily made). But, see,United *Page 25 States v. Lyons (C.A.1, 1990), 898 F.2d 210; United States. v.Foundas (C.A.5, 1980), 610 F.2d 298 (holding that "[t]he contention that [Federal] Rule 11(c) applies to a case submitted on stipulated facts when by terms and obvious intent it relates only to guilty pleas is surely frivolous"); United States. v. Robertson (C.A.5, 1983),698 F.2d 703; United States v. Schmidt (C.A.7, 1985), 760 F.2d 828; UnitedStates. v. Lawriw (C.A.8, 1977), 568 F.2d 98 (holding that Rule 11 procedures are not required before a court accepts a stipulation of facts establishing guilt); United States. v. Lawson (C.A.D.C. 1982),682 F.2d 1012 (holding that Rule 11 procedures are not necessary where a defendant stipulates to facts, but has not admitted guilt and waived trial on all issues); State v. Avila (Ariz. 1980), 617 P.2d 1137
(rejecting the "submission tantamount to a guilty plea doctrine" as unworkable); State v. Davis (Wash.App. 1981), 630 P.2d 938 (holding that a stipulated trial does not amount to a plea of guilty).
 {¶ 53} In Yurko, supra, the Supreme Court of California addressed a situation very similar to McCullough's — whether protections to ensure knowledge and voluntariness were required where a defendant stipulated that he had previous convictions, which increased the penalty of the underlying crime with which he was charged. The Court reasoned that:
 Undoubtedly the particular rights waived by an admission of the truth of the allegation of prior convictions are important. Although there is not at stake a question of guilt of a substantive *Page 26 crime, the practical aspects of a finding of prior convictions may well impose upon a defendant additional penalties and sanctions which may be even more severe than those imposed upon a finding of guilt without the defendant having suffered the prior convictions.
 * * *
 The burden is on the state as in the case of the trial of other factual matters in issue to prove beyond a reasonable doubt those alleged prior convictions challenged by a defendant. Those procedures by which the imposition of such added penalties is to be fixed are thus protected by specific constitutional provisions and it is such protections which, it is urged, cannot be waived except with knowledge and understanding. The waiver of these constitutional protections has been fairly described as the "functional equivalent" of the waivers embodied in a plea of guilty to an independent criminal charge.
 * * *
 Boykin[, supra,] holds that because of the significant constitutional rights at stake in extracting from an accused a guilty plea a court must exercise the "utmost solicitude" of which it is capable in canvassing the matter with the accused to make sure he has a full understanding of what is being waived. Because of the significant rights at stake in obtaining an admission of the truth of allegations of prior convictions, which rights are often of the same magnitude as in the case of a plea of guilty, courts must exercise a comparable solicitude in extracting an admission of the truth of alleged prior convictions. Although the issue was not before the Supreme Court in Boykin * * *, it is nevertheless manifest that an accused is entitled to be advised of those constitutional rights as in the case of a plea of guilty. The lack of advice of the waivers so to be made, insofar as the record fails to demonstrate otherwise, compels a determination that the waiver was not knowingly and intelligently made.
Yurko, 519 P.2d at 564-65.
 {¶ 54} I find the Supreme Court of California's reasoning inYurko to be persuasive. As in Yurko, McCullough's stipulation to his prior domestic violence *Page 27 
convictions increased the degree of his offense from a first degree misdemeanor to a third degree felony. Accordingly, the maximum possible penalty increased from a one hundred eighty day jail term to a five-year prison term. See R.C. 2929.24 and 2929.14(A). Thus, due to the stipulations, McCullough received a more severe penalty than could have been imposed had he been found guilty of the substantive crime without the prior convictions. Additionally, McCullough's stipulations relieved the State of its burden of proving the element that he had previously been convicted of two domestic violence offenses. Therefore, McCullough effectively waived his right against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers as to this element of the offense. Given the importance of these rights, and particularly given Ohio's requirement of mandatory compliance with Crim. R. 11 and the goals of the rule, I would find that, before a trial court accepts a stipulated fact that is an element of the offense, it must follow the Crim. R. 11 procedures to ensure that the stipulation is entered into knowingly and voluntarily.
 {¶ 55} Accordingly, before accepting such a stipulation, I would require the trial court to inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers as to the element of the offense to which he is stipulating. Additionally, I would require the trial court to determine that the defendant *Page 28 
understands the nature of the charge and the stipulation, the maximum penalty that may be imposed, as well as any penalty enhancement that may be imposed due to a stipulated element, and the effect of the stipulation. Finally, I would require the trial judge to personally address the defendant and determine that he is making the stipulation voluntarily and knowingly.
 {¶ 56} Requiring procedural safeguards before a criminal defendant stipulates to an element of an offense will further the goals of Crim. R. 11 by ensuring that every accused enters into such stipulations knowledgeably and voluntarily, and, consequently, reducing waste of judicial resources from attacks on resulting convictions. SeeScott, supra; McCarthy, supra.
 {¶ 57} I would further note that the majority suggests that a stipulation of prior convictions is usually in the best interests of a defendant because a failure to stipulate allows the State to introduce evidence as to the underlying facts of a prior conviction, further prejudicing the defendant. However, such is not the case. See State v.Henderson (1979), 58 Ohio St.2d 171, 173. R.C. 2945.75(B)(1) states, "[whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." See, also, Brooke, 2007-Ohio-1533, ¶ 8. The introduction of evidence of the underlying facts of a prior *Page 29 
conviction is neither necessary nor proper unless it can meet the stringent requirements of Evid.R 404(B) relating to the admissibility of prior bad acts or some other legitimate purpose under the Rules of Evidence.
 {¶ 58} Because there is nothing in the record before this Court which demonstrates that the trial judge properly engaged in discourse with McCullough and advised him of his rights pursuant to Crim. R. 11 and determined that the stipulation was entered into knowingly, intelligently and voluntarily, I would sustain McCullough's first assignment of error. *Page 1